## SMITH *v.* SHEFFIELD & COMPANY.

A judgment denying a motion to reinstate a claim case will not be reversed in the absence of evidence, by affidavit or otherwise, going to show that the property involved in the litigation really belonged to the claimant.

May 24, 1889.

Judgments. Motion to reinstate. Claims. Practice. Before Judge GUSTIN. Bibb superior court. November term, 1888.

Reported in the decision.

W. F. CLARKE and A. S. ERWIN, for plaintiff in error.

STEED & WIMBERLY and B. H. WILKINSON, by brief, *contra.*

BLECKLEY, Chief Justice.

An attachment in favor of Sheffield & Co. was levied on certain personal property. A claim was interposed by Smith, the affidavit and bond being made by his agent, and the agent swearing to the best of his knowledge and belief. The claim case was pending for several terms of the court. Counsel for the plaintiffs and counsel for the claimant had an agreement by which each undertook to give the other notice of when the

claim case would come up for trial, but on account of certain circumstances, counsel for claimant failed to receive notice. His 'name was not marked upon the docket, and so far as appears the court had no knowledge that he was of counsel, or that the claimant had any counsel. The case was regularly called, and the claim dismissed. The plaintiffs contended for damages, and the jury found a verdict against the claimant for such damages, judgment on which finding was entered up. At a subsequent term, the claimant moved to set aside this judgment and to reinstate the claim case, the cause of the motion being the failure of plaintiff's counsel to give notice according to the agreement. No affidavit or other evidence showing that the property belonged to the claimant was filed in support of this motion. The overruling of the motion is the error complained of.

We think the court was warranted in refusing the motion, for the reason that it was unsupported by any evidence going to the merits of the claimant's right to the property. If the property really belonged to the claimant, he should have made this appear to the reasonable satisfaction of the court, in order to have the claim reinstated. A judgment, though irregular, will not be set aside upon motion, without an affidavit or some other evidence of merit. The claimant points out defects in the attachment, but what are these defects to him if the property did not belong to him? He could have taken advantage of them, had they been pointed out when the claim came up for regular trial, but certainly the case ought not to be reinstated in order that he may have an opportunity to take advantage of such defects, unless he is the real owner of the property levied upon; and as we have already said, he makes no showing whatever upon this branch of the case. Whilst we might have supported the court below

in granting the motion, even with this defect in the evidence, we are unwilling, with the evidence unsupplied, to reverse the judgment denying the motion. We think the sounder ruling was the one which the court made. Upon a bill filed, equity would not set aside a judgment merely to give opportunity to make deadly shots at the writ or the pleadings. On the contrary, equity would put the question, has substantial injustice been done? The same question is pertinent in a court of law when it is proposed to vacate a judgment on motion. The silence of the record touching this question seems deliberate as well as profound.

*Judgment affirmed.*