## PURITY ICE WORKS *v.* ROUNTREE.

1. Where the only plea filed to a suit upon an unconditional contract in writing is partial payment, and the plaintiff thereupon amends his petition by admitting the fact set forth in such plea, and praying judgment for the balance due upon such contract, the effect of the amendment is to leave the case without any issuable defense. It was, therefore, not error for the court to enter up judgment in accordance with the amended prayer of the petition.

2. There was no error in sustaining a demurrer to a motion filed by the defendant to set aside such judgment, upon the ground that the same was rendered before it had notice of plaintiff's amendment, and upon the further ground that it had additional defense which it proposed to set up

by amending its plea; it not appearing what such defense was, nor why the defendant was not cognizant of it when it filed its original plea.

3. The bill of exceptions being palpably and manifestly without merit, damages are awarded for bringing this case to this court for delay only.

Argued May 16,— Decided June 7, 1898.

Complaint on notes. Before Judge Reid. City court of Atlanta. September term, 1897.

At the return term of the suit brought by Rountree, the defendant filed an answer admitting that the notes were due, but setting up certain partial payments which were not credited on them. Subsequently at the same term the plaintiff amended his petition, by admitting the payments set up by the defendant, and praying judgment for the balance due on the notes after deducting these payments; and the court thereupon rendered judgment against the defendant for the balance alleged to be due, the judgment reciting that, there being no issuable defense filed on oath, judgment was rendered for the sum stated. The defendant then filed, at the same term, a motion to set aside the judgment and grant a new trial, on the following grounds: (1) The plaintiff was not legally entitled to take a judgment against the defendant, an issuable defense upon oath having been filed as required by law, and the plea not having been withdrawn nor any order granted striking it. (2) The plea, having been filed on oath in terms of the law, formed an issue, and the case could not legally be called up by plaintiff and he be allowed to amend his petition by admitting that defendant had made certain payments as set out in defendant's plea, and then be allowed to take judgment without the defendant having an opportunity to amend his plea. (3) When the plaintiff amended his petition, the defendant should have had notice of same before a judgment should have been allowed. (4) The plaintiff had no legal right to call up the case out of its order, and before it was reached for trial on the docket, and amend his petition and take judgment without the knowledge and consent of the defendant. (5) After said amendment of plaintiff was made, the defendant had other and good defenses, which could have been set up by amendment to its answer, and could have shown that it was not legally liable on the note sued

on. (6) The defenses that the defendant could and would have·
made by its answer by amendment were not known at the time
its original answer was filed. This motion was dismissed on
demurrer, and the movant excepted.

*T. C. Battle* and *W. I. Heyward,* for plaintiff in error.
*Glenn & Rountree* and *J. A. Noyes,* contra.

Lewis, J. 1. From an examination of the facts which are
stated in the official report, it will be seen that the only defense
filed by the plaintiff in error to the suit was that it had made
certain partial payments upon the notes sued on, with which it
had not been credited. The plaintiff below thereupon amended
his petition, admitting the payments alleged to have been made,
and prayed judgment for the balance due on the notes. The
effect of this amendment was to leave the case without any issue
to be tried. This being a suit upon certain unconditional con-
tracts in writing, and as there was no issue left to be tried by a
jury, the court did right in rendering a judgment in accordance
with the prayer of the amended petition. Civil Code, § 5076.

2. The defendant certainly has no right to complain of an
amendment offered by the plaintiff, which simply admits the
facts set up in its own plea. We know of no law or rule of prac-
tice which would require notice of such an amendment given to
the defendant before the same could be properly allowed by
the court. The law gives a trial judge considerable latitude in
the exercise of his discretion in the call of a docket, and there is
nothing in the record to indicate any abuse of such discretion
in taking up this case out of its order. Even if the defendant
was entitled to notice of plaintiff's amendment before the rendi-
tion of the judgment, or if it was not proper practice to render
the judgment before the case was reached on the regular call of
the docket, these were simply mere irregularities, and can con-
stitute no sufficient ground for setting aside the judgment, un-
less the defendant shows that he has thereby been deprived of
making some meritorious defense to the action. The motion
in this case does allege that the defendant had other and good
defenses which could have been set up by amendment to its
answer, and could have shown that it was not legally liable on

the note sued on, and that such defenses were not known at the time this original answer was filed; but it nowhere appears what these defenses were, nor why defendant by due diligence could not have had knowledge of them when it filed its original plea. The court should have been apprised of the facts upon which such new defense was based, so that it could have determined for itself whether, if the judgment had been set aside, the result might have been different on a trial of the case. *Smith* v. *Sheffield & Co.*, 83 *Ga.* 103; *Phillips* v. *Taber*, 83 *Ga.* 572; *Rooney* v. *Richers*, 103 *Ga.* 576.

3. Damages are awarded because it is plain that this case was brought here for delay only.

*Judgment affirmed, with damages. All the Justices concurring.*