JAMES HOLLINGSWORTH, plaintiff in error, vs. WALLACE W. DICKEY, defendant in error.

A judgment obtained in this State prior to December, 1822, need not be renewed.

Where a Justices' Court execution, issued in Twiggs county, and was levied on land in Early county, and there was an entry by a constable, of "no personal property to be found," before the *fi. fa.* was backed by the Justice of the Peace in Early county, and the levy in Early was made by a different constable from the one who made the first return, it will be presumed that the first entry was by a constable of Twiggs county, where the defendant resided, and where the judgment was obtained.

A transfer of a *fi. fa.* prior to the Act of 1829, is no satisfaction of the debt.

EJECTMENT : from Calhoun county. Tried before Judge ALLEN. November Term, 1857.

This was an action of ejectment brought by Doe on the several demises of John Hollingsworth and James Hollingsworth, executors of Thomas Hollingsworth, deceased, against Roe, *cas. ejector*, and Wallace W. Dickey, tenant in possession, to recover lot of land No. 158, in the 4th district of Calhoun county.

On the trial, plaintiff introduced a grant from the State to John Hollingsworth, dated in Nov. 1821; then a deed from

John Hollingsworth to Thomas Hollingsworth, the testator, for the premises, dated in November, 1822; then the letters testamentary, from the Court of Ordinary of Gwinnett county, to James Hollingsworth, as executor of Thomas Hollingsworth, deceased. He then proved Dickey in possession at the commencement of the suit, and closed.

Defendant then went into his defence, and offered in evidence a deed by the Sheriff of Early county, to James Ward, for the premises in dispute, dated 7th August, 1838, and recorded in Early county, 15th August, 1838, and sold by said Sheriff as the property of John Hollingsworth, under a Justice Court *fi. fa.* against him from the county of Twiggs in favor of James Hollingsworth. Also the said *fi. fa.* dated 13th July, 1822, for twenty-five dollars and fourteen cents, with the following endorsements and entries thereon :

"I transfer the within execution to George Johnson, for collection. March 21, 1827.

[Signed,] JAMES HOLLINGSWORTH."

" GEORGIA,      } To any lawful officer to execute
    Early county. } and return. June 14, 1838.
                    T. B. HARWELL, J. P."

" No personal property to be found to levy this *fi. fa.* May 6th, 1837.
    [Signed,] JAMES ANDEES, L. C."

" This is to certify that I have this day levied the within *fi. fa.* on lot of land No. 158, in the 4th district of Early county. This 7th June, 1838.
    [Signed,]      .      JESSE STRICKLAND, Const."

" The above land sold for ten dollars and paid over on said *fi. fa.* 7th August, 1838.
                    JOHN A. WOOD,
                Sheriff of Early county."

To the introduction of all which testimony, plaintiff objected. 1st. Because said judgment and *fi. fa.* at the time of sale, were dormant. 2d. Because before the *fi. fa.* could be levied on real estate, there should have been a return of no personal property on which to levy, made by the levying officer of Early county. 3d. That there should have been a return of no personal property in Twiggs county, where the judgment was obtained, or in same county of defendant's residence. 4th. That the *fi. fa.* having been transferred before the Act of 1829, the same was satisfied by the transfer.

The Court overruled the objection and admitted the evidence, and plaintiff excepted.

The jury found for the defendant, and plaintiff's counsel tendered his bill of exceptions.

VASON & DAVIS, for plaintiff in error.

PERKINS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

In is conceded that the defendant in ejectment is entitled to hold the land sued for, provided the Sheriff's sale is valid, through which his title is derived. The land was sold under a Justices Court *fi. fa.*, to which three objections are made. 1st. That the judgment upon which it issued, is dormant. 2d. That there should have been a return of no personal property, by a Constable of Twiggs county, where the judgment was obtained, as well as by a Constable of Early county, where the land was situated and sold: and 3d. That the execution being transferred before the Act of 1829, was void.

[1.] The judgment upon which the execution was issued, bears date, 20th of February, 1819; and the execution was issued the 13th of July, 1822. Of course the judgment in this case does not come under the dormant judgment Act of 1823. Being rendered prior to December, 1822, it is expressly excluded by the Act of 1823.

Hollingsworth vs. Dickey.

It is insisted therefore, that it is to be regulated by the common law, and must have been renewed after a year and a day. Without stopping to inquire whether it was dormant at common law; or the effect of the judiciary Act of 1799, or the statute of 1811; the Act of 1812 declares in so many words, that " no part of the judiciary laws of this State shall be so construed as to require the renewal of any judgment, as heretofore practiced; or in any other manner whatsoever." (*Cobb,* 496.) This objection then is clearly untenable, being in the very teeth of the law.

[2.] Before the *fi. fa.* was backed by the Justice of the Peace of Early county, there is a return by a Constable of no personal property to be found whereon to levy the *fi. fa.* And this entry is made by a different Constable from the one that levied the execution on the land in Early. Under this state of facts, the presumption is, that the law was complied with; and that the return was made by a Constable of Twiggs county, where the judgment was obtained, and where the defendant resided.

For myself, at least, I would not have it understood, or inferred, that even this is necessary, so far as the title of an innocent purchaser is concerned. The authority of the Constable to levy on land, is derived from the fact that there is no personal property out of which the execution can be collected. And if such be the fact, while his entry is a convenient mode of establishing it, I am not prepared to say, that I would not allow an innocent purchaser to protect his title by showing that such was true. And then on the other hand, with my present opinions, I would look to such entry as a protection to his title, no matter by what Constable made, nor when made. The act itself has been, in my humble belief, misconstrued from the beginning. It was passed for the benefit alone of the defendant in *fi. fa.;* to give him the right to compel the satisfaction of his debts, out of his perishable property, leaving him in the enjoyment of his homestead. Still, allowing him the privilege of pointing out his land, if

such was his choice. If he saw fit not to interfere by illegality, but to stand by and see his land sold, the title of the *bona fide* purchaser should never have been disturbed. But these points are not in the case, and I am determined to adhere to existing decisions.

As to the transfer of the execution being a satisfaction of the debt, such was not the doctrine, even of the common law. In England, the assignee took an equitable interest, which could be enforced. Some Judge so decided, perhaps; and hence the passage of the Act of 1829. An Act, like hundreds of others in our State, passed, not to declare what the *law shall be,* but what it is, and always has been.

Judgment affirmed.