WASHINGTON *vs.* CARTWRIGHT.

Where the seller of a horse was indebted to the plaintiff for land, and by agreement of the parties the purchaser of the horse gave his note to the plaintiff, who credited his debtor on the land with the amount thereof, the consideration of such note, in the hands of the plaintiff, was not the purchase money of the horse, so as to render it subject to a judgment thereon, notwithstanding it had been set apart as . exempt under §2040 *et seq.* of the Code. The extinguishment of the debt for the land was the consideration of the note.

Homestead. Contracts. Debtor and creditor. Before Judge BUCHANAN. Carroll Superior Court. October Term, 1879.

Reported in the opinion.

REESE & ADAMSON, by brief, for plaintiff in error.

COBB & COLE, by C. W. MABRY, for defendant.

JACKSON, Justice.

This case came before the superior court on a *certiorari* to the justice of the peace for one of the districts of Carroll county, whereupon the superior court sustained the *certiorari* and remanded the case for a new trial in the justice court, and the plaintiff in error excepted. The answer of the justice of the peace adopts the petition as true, and this case is made in the record: A horse was levied on as the property of Cartwright under a *fi. fa.* in favor of Washington; the horse had been set apart as exempt

from levy and sale under §2040 *et seq.* of our Code; the plaintiff said the horse was liable, because the judgment was for purchase money; the defendant made a counter-affidavit, and this made the issue between the parties. The facts were that Cartwright traded for the horse from one McCalman; McCalman owed Washington for land; Cartwright was to give the amount of the note on which this judgment was founded, as boot to McCalman in the exchange of horses; before he gave his note for the amount, it was agreed that he should give the note to Washington, and that Washington would release McCalman from the payment of that sum on the land, and thereupon the note was given and made payable to Washington, and renewed, and suit brought on the renewed note, and judgment and execution were based thereon, and this levy was made on the horse, and issue joined on the question whether the consideration of the note was purchase money for the horse, or the extinguishment of McCalman's indebtedness for the land to the extent of the amount of the note. The court ruled that the consideration thereof, was not the purchase money for the horse, but the payment of McCalman's debt to Washington. We think that the court ruled correctly. The question is controlled by the cases reported in 40 *Ga.*, 423 and 487, and 60 *Ga.*, 456. In the last named report, it was held that "the substitution of debtor for debtor, was not infrequent," and in such case "that the undertaking was not collateral but original, and performance may be enforced between the new parties, no matter what equities between the primary contractors may have existed." It is wholly immaterial to the contract between Washington and Cartwright, what equities existed between Cartwright and McCalman, or what consideration moved Cartwright to acknowledge himself to have been McCalman's debtor. By this new contract he became, by substitution, Washington's debtor, and was bound to pay Washington, because Washington had released McCalman to the amount of the note; or,

in other words, the extinguishment of McCalman's debt to Washington was the consideration of Cartwright's debt to Washington. The horse had nothing to do with that trade. If it had been a gaming debt that he owed McCalman, as was the case in 60 *Ga., supra,* or the consideration of that debt had been anything else than the horse, his obligation to pay Washington would have been just as binding. Its consideration was the agreement by Washington to extinguish McCalman's indebtedness to him, and the agreement by McCalman to extinguish Cartright's indebtedness to him. Thereupon, the horse debt was extinguished and the land debt acknowleged. The horse never was Washington's. It was the land that he sold, and it was for the land that Cartright agreed to assume a debt which McCalman owed.

Therefore we are of the opinion that the court was right to sustain the *certiorari,* and hold the horse to be exempted from the payment of a debt owing for the land.

Judgment affirmed.