PARKER *vs.* MARTIN *et al.*

68 453
114 608

68 453.
115 408

1. A plaintiff in ejectment must recover on the strength of his own title. A sheriff's deed, with proof of title in the defendant in *fi. fa.* or of possession in him after the judgment, will change the *onus*, but the sheriff's deed alone will not.

2. Where one of the plaintiff's witnesses absented himself from the court-room, and when called did not respond, but the plaintiff made no motion for continuance, merely proceeding without him, his testimony could not be ranked as newly discovered, and formed no ground for a new trial.

Ejectment. Title. New Trial. Before Judge WELL-BORN. Lumpkin Superior Court. October Term, 1881.

Parker brought ejectment against Martin *et al.* He relied on the trial upon a sheriff's deed made in 1879, un-

der a judgment against one Hamilton, which was recovered in 1869. He also introduced testimony to show that some years before the judgment Hamilton had prospected for gold on the land, and that no one else had been in actual possession, the land being vacant, until Martin put` a house on it in 1879, and placed one Burgess in it.

Defendants relied on prescription in Martin under a deed made to him in 1852, by one William Martin, administrator. On the subject of actual possession by defendant, Martin, the evidence for the two sides was conflicting. The jury found for the defendants. Plaintiff moved for a new trial on the following grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because of newly discovered testimony. [This ground rested on the fact that plaintiff went to trial supposing a witness who had been subpœnaed by him was at court, but after going into the case he found the witness was not there. No motion was made for a continuance, but the case proceeded.]

The motion was overruled, and plaintiff excepted.

WIER BOYD; M. G. BOYD, for plaintiff in error.

S. D. IRVIN, for defendants.

JACKSON, Chief Justice.

1. The plaintiff in ejectment must recover on the strength of his own title. In this case he relies on a sheriff's deed, but there is no proof of title in the defendant in execution, nor of possession in that defendant since the rendition of the judgment. The sheriff's deed, aided by proof of title in defendant in execution, or possession since judgment, would cast the *onus* on the defendant in ejectment. 9 *Ga* , 74, *et seq.*; but in this case it is not shown that Hamilton had title or possession since judgment against him, and the naked sheriff's deed will not avail.

2. There is nothing in the point of newly discovered testimony. It is not newly discovered. The witness was in court and left; when called, he did not respond; the plaintiff made no motion to continue because the witness was not present, but risked the trial in his absence and without his evidence. Having risked and lost, it is too late now to complain. He can complain only of himself. The defendant did him no wrong, and the court denied him no right.

Judgment affirmed.