### BECK *vs.* BOWER *et al.*, administrators.

1. One entry of "no personalty" by a constable on a justice court *fi. fa.* is sufficient to authorize a levy on real estate ; such entry need not be repeated at intervals to render a levy on realty valid.

(*a*.) An entry of " no property to be found " was made by a constable on a justice court *fi. fa.;* seven days thereafter a horse was pointed out by the owner of the *fi. fa. ;* it was levied on, sold, and the proceeds applied to older executions. Without further entry, a levy was made on realty :

*Held*, that the levy was not void, and a sheriff's sale thereunder conveyed the title of the defendant in *fi. fa.*

2. A sheriff's deed alone is not sufficient to show title in the purchaser ; it must appear that the title was in the defendant, or that he was in possession after the date of the judgment on which the sheriff's deed was based.

Levy and Sale. Executions. Title. Before Judge WARREN. Mitchell Superior Court. November Term, 1881.

Reported in the decision.

R. N. ELY ; D. H. POPE, for plaintiff in error.

W. E. SMITH ; BUSH & LYON, for defendants.

CRAWFORD, Justice.

This was a suit in ejectment. On the trial, a *fi. fa.* from a justice's court was offered in evidence to support a sher

iff's deed; the entries thereon, among other things, showed " no property to be found subject; " seven days thereafter, that a horse had been pointed out, levied upon, sold, and the money paid to older executions ; that the levy upon the land was made without any further entry of no personal property. Objection was made to the introduction of the *fi. fa.* upon that ground; the court ruled it in, and that makes the first assignment of error in this case.

1. It was held in 27th *Ga.*, 341, that one entry of no personal property was sufficient to authorize the levy upon land by a constable; but it is insisted that a subsequent levy upon such property destroys the legal right of the constable to levy upon land.

If the construction placed by Chief Justice Lumpkin, in the case of *Hollingsworth vs. Dickey*, 24 *Ga.*, 434, be correct, in relation to the act requiring a return of no property to be made upon such *fi. fas.*, and one is made, that would appear to be sufficient notwithstanding the subsequent levy. He says that " the act itself was passed for the benefit alone of the defendant in *fi. fa.*, to give him the right to compel the satisfaction of his debts out of his personal property, leaving him in the enjoyment of his homestead. Still, allowing him the right of pointing out his land, if such was his choice. If he saw fit to stand by and see his land sold, the title of a *bona fide* purchaser should never be disturbed."

Looking at the facts in this case, we think the *fi. fa.* was admissible; first, because there was an entry of no property subject, made by the proper officer; second, because the personal property seized was pointed out by the owner of the *fi. fa.* only seven days after the entry of no property, thereby showing no fraudulent purpose by such entry to levy upon land ; third, because it was unproductive ; and fourth, because it was levied upon the land sold only three months from that time. It certainly never was contemplated that a new entry of no personal prop-

erty should be endorsed upon a justice's court *fi. fa.* every three or four months, if so much time should elapse between such entry of no property and the levy upon land.

2. The only further assignment of error arises upon the charge of the court, wherein he held the sheriff's deed to be good without requiring the plaintiff to show title in the defendant in *fi. fa.*, or possession after the judgment. This must be done. *Parker vs. Burgess,* decided at the present term, not yet reported.

Judgment reversed.