## HAYNIE *vs.* WATSON.

[This case was argued at the last term, and the decision reserved.]

1. There was no error in granting a new trial in this case.
2. Where a vendor offered to sell land for a specified price, but subsequently conveyed it to a trustee for a married woman, for a consideration expressed in the deed less than the price asked, and took the note of the husband of the *cestui que trust* for the difference, and this note was subsequently renewed by both husband and wife, such note was hardly for the purchase money of the land, so as to subject it as against a homestead therein.

February 20, 1883.

New Trial. Vendor and Purchaser. Trusts and Trustees. Homestead. Before Judge POTTLE. Hart Superior Court. March Term, 1882.

Watson endeavored to purchase a lot of land from Haynie. They agreed upon $1.500 as a price. Watson desired the land for his wife, but her trustee, Blake, had only $1,380, and refused to give more for the land. Haynie then agreed that if Watson would give his note for the difference of $120, he would make the deed to the trustee. This was agreed upon, the deed made for the expressed consideration of $1,380, and Watson gave his note. Subsequently this was renewed, both Watson and his wife signing. Whether or not the first note contained a statement that it was for purchase money, the evidence was conflicting, the note itself having been destroyed; but the renewal note did state that it was for purchase money. Suit was brought, judgment obtained and a levy made on the land. Mrs. Watson interposed a claim, on the ground that she had had a homestead set apart in the property.

Smith, ordinary, for use, *vs.* Andrews, administrator, *et al.*

The jury found the property subject. A motion for a new trial was made and granted, and plaintiff excepted.

A. G. McCurry, by brief, for plaintiff in error.

J. H. Skelton; Worley & Carlton, by J. H. Lumpkin, for defendant.

Jackson, Chief Justice.

This is the first grant of a new trial. In such a case the action of the judge is never closely scanned, and, unless the verdict be demanded, that action granting the new trial is always affirmed. It is not demanded in this case.

The judgment which sought to subject the land was hardly rendered on a note for purchase money; at least we shall not interfere with the court below, who wishes to review his ruling on the law of the case as applied to the facts reported above. See 65 *Ga.*, 177; 60 *Ib.*, 456; 40 *Ib.*, 423, 428. If the consideration of the note was not purchase money, of course the claimant's homestead should have prevailed over the judgment on that note.

Judgment affirmed.