WICKER, administrator, vs. WALTER et al.

This court has frequently held that, inasmuch as appeals have been abolished and the grant of a new trial is, in its result, in the nature of an appeal, it would not be scrutinized closely for errors, and that, unless the verdict was demanded by the evidence, this court would not interfere with the discretion of the court below in making such grant.

November 23, 1886.

New Trial.    Before Judge CARSWELL.    Washington Superior Court.    March Term, 1886.

Reported in the decision.

EVANS & EVANS, for plaintiff in error.

DENMARK & ADAMS; H. D. D. TWIGGS, for defendants.

BLANDFORD, Justice.

This bill was filed to enjoin a foreclosure of a mortgage by Walter and Hart against Thomas O. Wicker. It alleged that Thomas O. Wicker, the husband of Almira Wicker, had in his hands twenty-five hundred dollars belonging to his wife, and that he invested this sum in the lands embraced in the mortgage sought to be foreclosed, but took the deed to the land in his own name; also, before Thomas O. Wicker executed the mortgage, he informed Walter and Hart of the same. On the trial of the case, evidence was introduced by plaintiff to show that Walter and Hart knew that Mrs. Wicker's money, to the amount of twenty-five hundred dollars, had been invested in the land embraced in the mortgage; on the other hand, there was evidence that they had no knowledge of Mrs. Wicker's interest in the land. On this point there was a conflict in the evidence. Thomas O. Wicker was the main witness for the plaintiff, and the mortgage deed contained a covenant that Thomas Wicker was possessed of the land and had a right

to mortgage the same, the title being in him. The jury found the issues submitted in favor of the administrator of the deceased wife, Almira Wicker. The defendants, Walter and Hart, moved the court for a new trial on divers grounds. The court granted the new trial generally, and plaintiff excepted.

This is the first grant of a new trial; and this court has held frequently that, inasmuch as appeals have been abolished, and the result of the grant of a new trial is in the nature of an appeal, the first grant of a new trial would not be scrutinized closely for error, and, unless the verdict was demanded by the evidence, that this court would not interfere with the discretion of the court in the grant of a new trial. This verdict is not imperatively demanded by the evidence in the case. Hence the judgment of the court below must be affirmed.