KNIGHT *v.* ISOM.

1. One who bases an alleged right to recover land upon prior possession alone does not make out a prima facie case by merely testifying that he " went into possession of it only by leasing it to a [named person] for turpentine purposes for three years and putting him into possession," and that the lessee " commenced cutting it about two years after [the plaintiff] leased it to him," and that " during the time [the lessee] was working the land for turpentine [the plaintiff] sold it to ," another person.

113　613
120　293
120　839
120　842
120　843

2. As the evidence in the present case demanded the verdict in favor of the defendant which the court directed, it was erroneous to grant a new trial.

Argued May 6, — Decided May 25, 1901.

Complaint for land. Before Judge Sheffield. Early superior court. January 15, 1901.

*Arthur Gray Powell,* for plaintiff in error.
*W. C. Worrill* and *R. H. Sheffield,* contra.

FISH, J.    Isom brought a suit against Knight for the recovery of a certain tract of land situated in Early county.    On the trial, upon the conclusion of the evidence, the court directed, and the jury accordingly returned, a verdict in favor of the defendant.    The plaintiff moved for a new trial, which was granted by the court, and the defendant excepted.    This is the first grant of a new trial in the case, and "the first grant of a new trial will not be disturbed by the Supreme court, unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and the facts require the verdict notwithstanding the judgment of the presiding judge."    Civil Code, § 5585.    The assignment of error in the bill of exceptions is, "that the court erred in granting a new trial in said case, because there was no other verdict which could legally have been rendered in said case, under the facts thereof, except a verdict for the defendant."    Did the law and the facts of this case require the verdict which was directed by the court and rendered by the jury ?    We think that they did, and that therefore the judge erred in granting a new trial.    The plaintiff showed no title in himself, and relied for a recovery solely upon prior possession.    He plants himself, in this court, upon the proposition that "plaintiff in the court below, by showing prior possession, made out a prima facie case which put the defendant to the proof of paramount title."    Did the plaintiff show prior possession, and thus make out a prima facie case in his favor ?    He introduced a deed, dated August 2, 1859, from Hutchins, as sheriff of Early county, to Joyner, and successive deeds, executed at various dates thereafter, making a complete chain from the sheriff down to himself.    He did not show that any of his predecessors in this chain had ever been in possession of the land in dispute.    Upon the question of possession he testified as follows: " I went into possession of it only by leasing it to Mr. Hilton for turpentine purposes for three years and putting him into possession.

He commenced cutting it about two years after I leased it to him. During the time Hilton was working the land for turpentine I sold it to Emily J. Tipton. She never went into possession of it, but sued me to set aside the sale. . . I never abandoned my claim to the lot, and after the suit Tipton brought against me terminated I tried to place a tenant in possession of the lot, but did not succeed in doing it."

We do not think this testimony was sufficient to show prior possession of the land in the plaintiff. "Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." Civil Code, § 3585. "Constructive possession of lands is where a person having paper title to a tract of land is in actual possession of only a part thereof. In such a case, the law construes the possession to extend to the boundary of the tract." Ib. § 3586. There is nothing in the evidence which shows that this land, or any part of it, was inclosed or cultivated, or that there were any improvements whatever upon it. So far as appears from the evidence, when the plaintiff leased it to Hilton, it was simply a tract of timbered land, uninclosed, unoccupied, and unimproved. The plaintiff's statement that he put Hilton in possession is a mere expression of opinion, which can amount to nothing, unless supported by facts which show that Hilton really did take possession of the premises. Evidently the plaintiff did not put Hilton in possession of the land at the time he leased it to him; for Hilton did not begin to cut the timber for turpentine purposes until about two years afterwards. The testimony upon which the plaintiff's claim of prior possession must stand or fall is, that Hilton "commenced cutting it about two years after [the plaintiff] leased it to him;" and "during the time Hilton was working the land for turpentine [the plaintiff] sold it to Emily J. Tipton." Does the fact that Hilton "commenced cutting it" show that he was in possession of the tract of land sued for? We think not. One might commence to cut timber upon a lot of land for turpentine purposes by merely cutting a single tree thereon; yet we apprehend that the cutting, or "boxing," of one tree, or several trees, without more, would not be sufficient to show that the one who did this was in possession of the entire tract upon which the tree, or trees, stood; nor do we

think merely commencing to cut would even show that he was in actual possession of the particular spot of ground where he "commenced." Indirectly the plaintiff swore that Hilton worked the land for turpentine, for he testified: "During the time Hilton was working the land for turpentine I sold it to Emily J. Tipton." But how much of the land Hilton worked for turpentine, or how long he worked it, does not appear from the testimony. He might have worked the land for turpentine purposes for three years, three days, or three hours. He might have worked the whole tract, or simply one acre, or even a few square yards of the same. It seems almost useless to say that the evidence does not show actual occupation of the entire tract of land by Hilton. It does not show that he worked the tract of land so extensively and continuously as to prevent actual occupation by another. He might have simply worked one corner of the tract, while other portions of it were occupied by other people; and even the part that he did work might not have been worked in such a manner as to render his occupation thereof so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another.

If the evidence could be considered as being sufficient to show that the plaintiff had prior actual possession of any part of the tract, it is very clear that he could not recover the entire tract sued for, upon the ground of prior actual possession of the same. It is equally clear that he could not, on this ground, recover any part thereof; for the evidence utterly fails to identify the part that he had possession of and to distinguish it from the parts that were not in his possession. So, even had he sought to have amended his pleadings for such a purpose, he could not have recovered any part of the land upon the ground of prior actual possession of the same. *Tripp* v. *Fausett*, 94 *Ga.* 330. Under the evidence, could he have recovered the land sued for upon prior actual possession of a part and constructive possession of the whole? Does the evidence show prior actual possession of any part of the land? As we have already intimated, there is nothing in the evidence which shows that Hilton worked any part of it in such a manner and for such a length of time as to make his use and occupation of such part so notorious and exclusive as to amount to actual occupation as defined by the Civil Code. We do not think, therefore, that the testimony was sufficient to show prior actual possession of any part

of the land. Without actual possession of some part, there could not, of course, be constructive possession of the whole. But granting that the testimony did show that the plaintiff had prior actual possession of some undefined part of the land, was he, by reason of this fact and the further fact that he held what purported to be paper title to the entire tract, constructively in possession of the whole tract described in the deeds? We think not; for, in order for actual possession of a part to be legally construed to extend over the whole, the paper title held by the person who is in possession of a part must have been duly recorded. "Possession under a duly recorded deed will be construed to extend to all the contiguous property embraced therein." Civil Code, § 3587. See also *Tritt* v. *Roberts*, 64 *Ga.* 156. It appears from the evidence that when Hilton was working the land for turpentine the deed to the plaintiff had not been recorded; in fact, although executed in November, 1871, it was not recorded until October 1, 1900, which was ten months after this suit was instituted. The other deeds in the chain of deeds which the plaintiff introduced had all been recorded long prior to the date of the deed to the plaintiff. But if Hilton was really in actual possession of a part of the land, he was there as the plaintiff's tenant, and unless the deed to the plaintiff was then on record there was no implied notice to the world of the extent of the plaintiff's claim, and, therefore, no constructive possession by the plaintiff of the whole tract of land. As under the evidence the plaintiff could not legally have recovered the land sued for, or any part thereof, a verdict for the defendant was demanded. The court did right to direct such a verdict, and erred in granting the plaintiff a new trial.

*Judgment reversed. All the Justices concurring.*