## 3555.  TAYLOR *v.* KEEN.

1. A plaintiff can not successfully maintain an action of trover for timber cut and carried away from land, where he has not had any possession of or title to the timber, except in so far as title to the land or possession thereof may have carried with it title to the timber, and the only semblance of title he shows to the land is a deed not connected with any source of title, under which he shows only transitory acts of possession, which had ended prior to the time the timber was cut.
2. Bare possession of land, though not coupled with title, gives the possessor certain rights; but these rights end when the possession is abandoned.

DECIDED NOVEMBER 20, 1911.

Trover; from city court of Abbeville—Judge Strozier.  May 9, 1911.

*E. H. Williams,* for plaintiff.

*Haygood & Cutts,* for defendant.

POWELL, J.  Taylor brought trover against Keen for the recovery of 63 sticks of round timber, alleged to have been grown on lot of land 353 in the fourteenth district of Dodge county, and to have been cut therefrom unlawfully.  The plaintiff attempted to show ownership of the timber, by showing title to the land or possession thereof.  There was testimony that in the year 1902 or 1903 the plaintiff bought the lot of land in question from one Thomas Walker, who executed to him a deed, which had never been recorded, and which had been lost.  It may be said, however, that proper secondary proof of this deed was duly made.  It was a quitclaim deed, but was adequate as color of title.  No title was shown in Walker; hence it possessed no greater validity than color of title.  During the next year after he got this deed, the plaintiff went into possession of the land by erecting thereon a small house, which was occupied by certain employees of his, who cut timber from the lot and made staves therefrom.  They remained in the house during that year from February until November.  During the next year no one resided in the house and no timber was cut from the land.  In the third year thereafter the laborers and stavemakers again occupied the house for a period of four months. Again in the year 1907 timber was cut from the land for the purpose of making staves, and the plaintiff's laborers occupied the house for a period of about three months.  During the year 1908 the house was washed away in a freshet.  The land is wild land,

and is subject to overflow from the river, and none of it can be cultivated, by reason of the fact that it is subject to overflow. Other than as above indicated, there was no house, fence, inclosure, or cultivation of any kind upon the land. The suit was brought in the year 1910, and, while the record does not definitely disclose the exact date on which the defendant cut the timber from the land, it is reasonably inferable from the pleadings that it was cut during the year 1910. It is plain that if the plaintiff's possession from the year 1902 to the year 1908, when his last vestige of possession was destroyed by the freshet, could be considered as that open, notorious, continuous occupancy which is essential to the ripening of acquisitive prescription, no title by prescription was in fact acquired thereby, for it lasted for less than the statutory period of seven years. The plaintiff had no title by prescription. His only reliance therefore was upon prior possession.

Whether we take the view that the right of a plaintiff to recover in ejectment, and in similar actions, on prior possession, rests on a presumption of title, or take what is, perhaps, the correct view, that the possession itself is property, which the law will protect, is of no consequence here. The possessor who shows no higher right than his mere possession loses that right whenever his possession ends, except in those cases where it constructively continues by reason of an animus revertendi. *Knight* v. *Isom,* 113 *Ga.* 613 (39 S. E. 103); *Delay* v. *Felton,* 133 *Ga.* 15 (3), (65 S. E. 122); *Watkins* v. *Nugen,* 118 *Ga.* 375 (1), 377 (45 S. E. 260); *King* v. *Sears,* 91 *Ga.* 577 (7), 589 (18 S. E. 830); *Jones* v. *Nunn,* 12 *Ga.* 469, 474. However, no animus revertendi can save the plaintiff's rights, where the physical evidences of the possession, such as houses, fences, etc., are totally destroyed, and no other control over the property is shown. The writer of this opinion has so lengthily discussed these questions in the twelfth chapter of his text-book on "Actions for Land" (see, especially, §§ 300, 312, where the Georgia cases are collected and cited) that he takes the liberty of making reference to it, instead of further extending the discussion of the question here. The plaintiff, having shown no title to or possession of the land at the time the alleged cause of action arose, could not maintain trover for the timber cut therefrom, since he has not otherwise shown possession of or title to the timber itself. *Judgment affirmed.*