10600.  PELHAM & HAVANA RAILROAD CO. *v.* WALKER.

1. On the trial of an action against a railroad company for damage to the plaintiff's fish-pond from water and mud flowing into it in consequence of the placing of a fill across a stream and the construction of certain ditches in the building of the railroad, by which rain-water was diverted from its natural course of drainage and into the pond, where the evidence was uncontradicted that, prior to the construction of the railroad, the land on which it was constructed adjacent to the fish-pond was conveyed to the railroad company by a deed of the plaintiff, in which it was stipulated that the land should be used only for the purpose of a common carrier, and that the grantor reserved the privilege of raising the water in his fish-pond, and where there was no charge of negligence, nor any evidence that the railroad was improperly or negligently constructed or maintained, or could have been constructed in some other way that would not have caused the alleged damage, a verdict for the defendant was proper, and no other verdict would have been authorized.

2. The first grant of a new trial is error where the evidence, together with all reasonable deductions and inferences therefrom, construed most strongly in favor of the losing party, demands the verdict returned.

DECIDED DECEMBER 9, 1919.

Action for damages; from Grady superior court—Judge Worrill presiding. April 2, 1919.

*M. L. Ledford, J. A. Pope,* for plaintiff in error.

*J. Q. Smith,* contra.

BROYLES, C. J. The plaintiff sued the defendant railroad company for damage to his fish-pond, which was adjacent to the railroad's right of way, and alleged that the defendant in building its railroad put in a fill across a stream just above the fish-pond, and constructed the road in a "cut," with a ditch on both sides of the roadbed, and that this construction diverted the rainwater from its natural course of drainage and conveyed it into the fish-pond (which was abundantly stocked with fish), thereby causing the waters of the pond to become polluted with mud, destroying the fish and permanently impairing the value of the pond. No negligence of any character was charged against the defendant. Upon the trial it was shown by undisputed evidence that the plaintiff, prior to the construction of the railroad, had by deed conveyed to the defendant the land upon which the railroad was subsequently constructed, adjacent to the fish-pond. In the deed it was expressly stipulated that the land should be used for no other purpose than that of a common carrier. The deed also recited that the grantor "reserves the privilege of raising the water in his fish-pond, which is adjacent to the right of way." There was no evidence to show that the defendant had negligently or improperly constructed the railroad, or that it could have been constructed in some other way that would not have caused the alleged damage, or that the defendant negligently or improperly maintained its roadbed and right of way.

Under these facts the verdict for the defendant was the only possible legal result (see, in this connection, *Southern Marble Co. v. Darnell,* 94 *Ga.* 231, 21 S. E. 531; *Vandiver* v. *Byrd-Matthews Lumber Co.,* 146 *Ga.* 117, 90 S. E. 960), and the errors in the charge of the court were harmless. The verdict having been demanded by the evidence, the court erred in granting a new trial, although it was the first grant thereof.

*Judgment reversed. Bloodworth, J., concurs; Luke J., disqualified.*