## SCOTT *v.* LAY.

ATKINSON, J. In an action of complaint for land the petition, as amended, alleged that the "plaintiff has and claims title" to the land under a sheriff's deed to the plaintiff and to others, and under deeds from such others conveying their respective undivided interests to plaintiff, and that "The abstract of title under which plaintiff claims said land is hereto attached." The abstract merely set out the three deeds above mentioned. The petition further alleged that the defendant was in possession of the land, having entered as licensee of the plaintiff, and, after having so entered, set up adverse title to the plaintiff without surrendering possession to him. In his answer the defendant admitted possession, and denied the other material allegations of the petition. On the trial of the case the plaintiff did not offer other muniments of title than those mentioned above, or rely upon possession of the land other than through the defendant as his licensee. *Held*:

1. The sheriff's deed and the tax fi. fa. upon which it was based were not admissible in evidence as muniments of title, in the absence of evidence tending to show title in the defendant in fi. fa., or possession in him at the time of the levy. *Parker* v. *Martin,* 68 *Ga.* 453; *Beck* v. *Bowers,* 68 *Ga.* 738.

2. The sheriff's deed and the fi. fa. were admissible as color of title, in connection with extraneous evidence tending to show that the plaintiff had been in possession for more than seven years.

3. Without offering other evidence, which when taken in connection with the sheriff's deed and the fi. fa. would have been sufficient to show

paper title in himself, the plaintiff resorted to proof of possession relied on to raise a presumption of title, or as foundation for a prescriptive title. On this branch of the case he depended on occupancy of the land by the defendant, claiming that defendant had entered under him and as his licensee, and had so remained for more than the prescriptive period. On the other hand, defendant contended that he did not enter as licensee of plaintiff, and that his possession was in his own right. Under these circumstances, the controlling question in the case was: Did the defendant enter as licensee of the plaintiff or adversely to him?

4. In the last part of his charge the court restricted the issue to that question, and instructed the jury concretely to the effect that if they should find that defendant entered possession as the licensee of the plaintiff they should find a verdict for the plaintiff, but if they should find that the defendant entered possession as the licensee the verdict should be for the defendant. The verdict was for the defendant. *Held*, that the charge was not erroneous as against the plaintiff, and in the light of the verdict under the charge of the court, finding in effect that the possession of the defendant was not as licensee of the plaintiff, the error of the court in repelling the sheriff's deed and the fi. fa. as color of title will not require a new trial.

5. In view of the rulings made in the preceding notes, the grounds of the motion for new trial complaining of certain excerpts from the charge, and of the refusal to give certain written requests to charge, show no ground for reversal.

6. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 2039. OCTOBER 12, 1920.

Complaint for land. Before Judge Blair. Cherokee superior court. April 15, 1920.

*Howell Brooke* and *George F. Gober,* for plaintiff.

*John S. Wood* and *Anderson & Roberts,* for defendant.