## BRENNER *v.* WRIGHT, executor.

No. 12607.   FEBRUARY 17, 1939.   REHEARING DENIED MARCH 10, 1939.

*William G. Grant,* for plaintiff.

*Earle Norman* and *Smith, Smith & Bloodworth,* for defendant.

DUCKWORTH, Justice. Mrs. Winnifred Brenner brought an ejectment suit against J. G. Wright as executor of the will of Miss Annie E. Wright, to which suit the defendant filed two separate pleas, (1) title to the premises involved by prescription based on twenty years adverse possession, and (2) title based on a resulting trust in the defendant's testatrix, by reason of the payment by her of the purchase-money of the land sued for. The jury rendered a verdict in favor of the defendant on each of these pleas. The plaintiff filed a motion for new trial, which was overruled, and she excepted. This is the third appearance of the case in this court. The evidence relating to the plea of prescription has been substantially the same on each trial. The first trial resulted in a verdict for the plaintiff; the trial court granted a new trial, and the plaintiff excepted. *Brenner* v. *Wright,* 183 *Ga.* 510 (188 S. E. 694). This court there held that the evidence did not demand a verdict in favor of the plaintiff, which was tantamount to holding that the evidence would have supported a verdict for the defendant. The second trial resulted in a verdict in favor of the defendant on his plea of resulting trust; and this court held that the evidence, which was substantially the same as on the first appearance, was insufficient to support the verdict in favor of that plea. *Brenner* v. *Wright,* 185 *Ga.* 280 (194 S. E. 553).

Since the evidence on the plea of prescription on all three of the appearances of the case in this court is substantially the

same, the rulings made by this court on the legal effect of the evidence are now the law of the case. On the first appearance this court having held that the evidence would support a verdict for the defendant, and on the second appearance having held that the same evidence did not support a verdict in favor of the plea of resulting trust, and since there were only two pleas of the defendant, it logically follows that this court held on the first appearance of the case that the evidence supported the defendant's plea of prescription. Applying that ruling, the verdict in favor of the defendant's plea of prescriptive title was supported by the evidence.

■ In grounds 11, 12, and 13 the plaintiff complains because of the failure to comply with certain requests to charge which in substance would have instructed the jury that permissive possession would not ripen into title by prescription; and that if the defendant's testatrix held possession of the premises in dispute by permission of Alexander P. Wright, such possession was permissive possession, and title by prescription could not be acquired by her until she asserted an adverse claim of right to the premises, and knowledge of such claim was communicated to Alexander P. Wright, and that she must hold such possession for at least twenty years from the date of such notice of her adverse claim. It is contended that without such instructions the jury were unable properly to understand the words "permissive possession," and were led to believe that they were authorized to find in favor of the plea of title by prescription if they believed from the evidence that the defendant's testatrix had been in possession of the premises involved for twenty years. The requests to charge were sound principles of law applicable to this case, but the following instructions given the jury adequately covered these principles: "Permissive possession can not be the foundation of a prescription, until an adverse claim and actual notice to the other party. . . If you believe that the defendant's testatrix, Annie E. Wright, held possession of the property, claiming it to be her own property, and that her possession was open, notorious, and exclusive, and if you should believe that Alexander P. Wright knew that she was holding possession of the property, claiming it to be her own property, during his lifetime, and that after his death she continued to hold it peaceably, openly, notoriously, and exclusively, under a bona fide claim of right and title to it, and that the period during which she so held it, if you

believe she so held it, including that during the life of her brother, Alexander P. Wright, and thereafter, was as much as twenty or more years prior to the filing of this suit by this plaintiff, then and in that event, gentlemen, you would be authorized to find in favor of the defendant's plea of prescriptive title to the property." Therefore it was not error to refuse to charge as requested.

The other grounds of the motion for new trial dealt with the plea of resulting trust; and since the judgment based upon the verdict in favor of the plea of prescriptive title is affirmed, it is unnecessary to make any ruling upon the verdict and the assignments of error pertaining to the plea of resulting trust.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

DUCKWORTH, Justice. While it has been uniformly held that the record would not be closely scrutinized on exceptions to the first grant of a new trial *(Haynie v. Watson, 70 Ga. 707; Savannah, Florida & Western Railway v. Barber, 71 Ga. 644; King v. American B. H. O. &c. Co., 72 Ga. 210; Wicker v. Waller, 77 Ga. 490; Aldine Manufacturing Co. v. Warner, 95 Ga. 566, 20 S. E. 496; Brenner v. Wright, 183 Ga. 510, supra)*, yet it has with equal uniformity been held that if the evidence demanded the verdict the first grant of a new trial would be reversed. *Knight v. Isom,* 113 *Ga.* 613 (39 S. E. 103) ; *Murray v. Davidson,* 174 *Ga.* 213 (162 S. E. 526) ; *Smith v. Perry,* 176 *Ga.* 775 (168 S. E. 770) ; *Pelham & Havana Railroad Co. v. Walker,* 24 *Ga. App.* 530 (101 S. E. 715) ; *National Bellas-Hess Co. v. Patrick,* 49 *Ga. App.* 280 (175 S. E. 255). In the light of these decisions, it can not be denied that the affirmance of the first grant of a new trial is in effect a ruling that the evidence would have supported a different verdict. But in her motion for a rehearing the plaintiff undertakes to demonstrate that the evidence is substantially different, by quoting that testimony on the first appearance which is conceded to have been sufficient to justify the ruling stated in 183 *Ga.* 510. The quoted testimony, given by Dr. J. G. Wright, is as follows: "Yes, my sister [Miss Wright] had control of this property; she collected the rents, and I paid the taxes and everything; my brother [Alexander P. Wright] never received a nickel from it in his life. . . She [Miss Wright] collected the rents herself until she died in 1928. . . My sister actually collected the rents from 1908 until she

died in 1928. I know that she did not remit any part of that money to her brother." The record on this appearance shows the testimony of this same Dr. J. G. Wright to be as follows: "I did her [Miss Wright's] banking for her from 1907 until she died down in Washington. . . She would send me all of the checks, and got me to make the deposits for her and send the deposit slips back to her. She sent those deposits and checks; sometimes they would be monthly, and sometimes it would be two or three months. As to whether I know what checks I spoke of, they were rent checks; it was stated on the checks, rent on that negro property in Atlanta; that was all she had. . . I knew then that the title to the property on McDaniel Street was in my brother's name, Alexander P. Wright, trustee. I knew that because I had seen the deed. . . I saw it in 1907. . . I had nothing to do with the property until my sister died in 1928. . . She looked after the property herself. . . I knew nothing of this property until after she died, excepting helping her to repair it. . . My sister looked after it until she died. . . I was in possession of the deed from C. C. Mason to A. P. Wright, trustee, and the other papers you refer to from 1907 up to the present time."

And defendant's exhibit 13, which was a portion of a brief of evidence in this case on a former trial, filed in the office of the clerk of the superior court of Fulton County, on February 6, 1937, is as follows: "The real estate sued for was returned for state and county taxes in the name of Miss Annie E. Wright from 1902 up to 1933, and in the name of Dr. J. G. Wright, executor, for the years 1934 and 1935." A comparison of this evidence shows that whereas on the former appearance Miss Wright was in control of the property, collected the rents, and paid the taxes from 1908 to 1928, and her brother received none of the rent money, on this appearance, from 1907 until she died in 1928, Miss Wright looked after the property, was assisted by Dr. Wright in repairing it, returned it for taxes in her name, and sent checks for rent on this property monthly or every two or three months to her brother, who deposited them and sent receipts for such deposits to her, and by the expression "that was all she had," which followed a reference to the deed upon which plaintiff relies and in which the entire property here involved is definitely described, all of the testimony appearing in the record relating to payment of taxes, paving of streets or side-

774

walks, and making repairs, was definitely connected with this particular property. Thus it ` clearly appears that in the respect pointed out by the plaintiff the evidence was substantially the same.

*Rehearing denied.*