## McGINLEY *et al. v.* GOETTE *et al.*

HAWKINS, Justice. Thomas J. McGinley and Carrie Catherwood Pittman, as plaintiffs, brought their action in ejectment against Annie K. Goette and Clarence R. Goette, in the Superior Court of Chatham County, Georgia, the original petition alleging that the defendants are in possession of certain described property to which the plaintiffs claim title; that the plaintiffs claim title to said land, being seized thereof in fee; that they claim title to said land by deed from the Savannah Bank and Trust Company and the Citizens and Southern National Bank, dated February 11, 1947, duly recorded; that the banks obtained title to the land by deed dated September 17, 1938, from certain trustees under a deed to secure debt which was made by Oatland Island Development Company, dated June 18, 1928, and duly recorded, and which was foreclosed under power of sale therein contained, and alleging that a more complete abstract would be added and attached to the petition by amendment. Thereafter the plaintiffs amended the original petition by adding an abstract of title, which was attached to the amendment and made a part thereof and part of the original petition, and which abstract traces the title into Oatland Island Development Company, through a series of conveyances from the first entry, in point of time, of a purported sheriff's deed, and which entry in the abstract is as follows:

"Merritt W. Dixon, Sheriff, to Anderson Ulmer and Alphene W. Dowell. Sheriff's Deed — Deed Book 20 C, Page 442. D. 4/7/25. Rec. 4/24/25. $202.90 Taxes. 2300 Acres (by estimation). Oatland Island Tax Execution against John H. Ehrehart."

John H. Ehrehart, as executor of Frances L. Ehrehart, subsequently appears as a grantor in a successive conveyance and individually as a grantor in a quitclaim deed. Neither the allegations of the petition nor the abstract of title attached thereto shows any other connection of John H. Ehrehart with the paper title, and neither shows any possession of the lands by John H. Ehrehart at any time, or by any other person in the chain of title. The defendants filed a written motion to dismiss the petition as thus amended, on the ground that it failed to set forth a cause of action against the defendants, the title of the plaintiffs to the premises being insufficient to support a recovery. This motion was sustained and the petition dismissed, and to this judgment the plaintiffs excepted. *Held:*

1. While it is provided by the Code, § 92-8102, that "Sales under tax executions shall be made under the rules governing judicial sales," and by § 92-8107 that "The deed or bill of sale made by the sheriff to the purchaser at tax sale shall be just as valid as if made under an ordinary execution issuing from the superior court," and by § 39-1303 that "A sale regularly made by virtue of judicial process, issuing from a court of competent jurisdiction, shall convey the title as effectually as if the sale were made by the person against whom the process shall have issued," and while the Code, § 39-1305, further provides that, "In all controversies in the courts of this State, the purchaser at a judicial sale shall not be required to show title deeds back of his purchase, unless it shall be necessary for his case to show good title in the person whose interest he purchased"—this court, in *Scott* v. *Lay,* 150 *Ga.* 629 (1) (104 S. E. 434), held that "The sheriff's deed and the tax fi. fa. upon which it was based were not admissible in evidence as muniments of title, in the absence of evidence tending to show title in the defendant in fi. fa., or possession in him at the time of the levy. *Parker* v. *Martin,* 68 *Ga.* 453; *Beck* v. *Bowers,* 68 *Ga.* 738." See also *Whatley* v. *Newsom,* 10 *Ga.* 74; *O'Connor* v. *Horne,* 165 *Ga.* 349, 350 (9) (141 S. E. 74); *Myers* v. *Adcock,* 198 *Ga.* 180, 188 (31 S. E. 2d, 160).

2. Neither the petition in this case nor the abstract attached thereto and made a part thereof shows title in the plaintiffs to the lands in dispute, from the original source or from a common grantor; and failing to show either title in or possession by the defendant in execution in the sheriff's deed at the time of the levy, the petition failed to set out a cause of action, and the trial court properly sustained the motion and dismissed the petition. *Kirkpatrick* v. *Faw,* 180 *Ga.* 764, 765 (4) (180 S. E. 727).

*Judgment affirmed. All the Justices concur.*

No. 16593. APRIL 13, 1949.

*Ernest J. Haar* and *Edward J. Goodwin,* for plaintiffs.
*Bouhan, Lawrence & Williams,* for defendants.