18861. SOUTHERN UNION MUTUAL INSURANCE CO. *et al.* v. MINGLEDORFF.

CANDLER, Justice. 1. In a petition for injunction against the commission of a trespass on land, on the ground that it is continuing in character and the damages will be irreparable, it is essential for the plaintiff to allege title in himself or actual possession of the land at the time the alleged cause of action arose. Code § 105-1403; *Chancey* v. *Johnson,* 148 *Ga.* 87 (95 S. E. 975); *Fender* v. *Gardner,* 153 *Ga.* 460 (1) (112 S. E. 368); *Taylor* v. *Keen,* 10 *Ga. App.* 106 (72 S. E. 934). In this case there is no allegation of actual possession and the plaintiff relies upon a title which is pleaded in her petition. This being true, she is limited to that title shown by her pleaded muniments (*Dugas* v. *Hammond,* 130 *Ga.* 87 (2, 3), 60 S. E. 268); and if they fail to show that she owns the land on which the alleged acts of trespass have been and are being committed, her petition is demurrable. *Fletcher* v. *F̣letcher,* 123 *Ga.* 326 (51 S. E. 418).

(a) The first deed appearing in the plaintiff's chain of title is one from Susan Shellman and Rose Williams to Jackson Tattnall, dated March 2, 1913, and conveying "all of that certain tract or parcel of land in Chatham County, Georgia, and known as the northwest corner of Liberty Island, sometimes called Dutch Island, containing 65 acres of land more or less, and bounded on the northwest by the Herb River, on the southeast by the land formerly of the estate of Herb and in 1912 belonging to LaRoche; also two hammocks adjoining and appertaining to said tract of land known as Horse Hammock and Thunderbolt Hammock, all described in that deed from Ann Dudley to Jane Clay, recorded in the office of the clerk of the superior court of said county in Book 4 Y's, page 167."

(b) Her second deed is one from Emanuel Kronstadt, as administrator of Jackson Tattnall's estate, to Frank S. Cheatham, Jr., as agent of Mary Louise B. Mingledorff, the plaintiff, dated July 7, 1953, conveying 65 acres, more or less, in the northwest corner of Liberty or Dutch Island, by descriptive averments identically the same as those contained in the first deed in her chain of title.

(c) The third and last deed in the plaintiff's chain is one to her from Cheatham, as her agent, dated April 26, 1954, the descriptive averments of which are as follows: "All that certain part or portion of Dutch Island, sometimes called Liberty Island, located in Chatham County, Georgia and being bounded as follows, to wit: On the northern side by the Herb River, on its eastern side by the lands of the Southern Union Mutual Insurance Company and the Liberty Island Corporation [the defendants], said dividing line being a dirt mound and its exten-

sions running north three degrees zero minutes east from the Herb River on the north to the Skidaway River on the south, on the southern side by the Skidaway River and Grimball's Creek and on the western side by Grimball's Creek and the Herb River, said property including high ground and marsh lands all of which is set out within the area marked in the color 'red' [green?] on a map or plat of said island drawn by by S. P. Kehoe, C.E., dated April 26, 1954, and recorded in Plat Book F, folio 197, Chatham County Records, reference to which is made for more particularity." The plat referred to in the deed is attached to and by reference made a part of the petition. It shows that the land claimed by the plaintiff is a tract of approximately 446 acres, and that it is all of the west half of Liberty or Dutch Island except that part of it which is west of Grimball's Creek. It shows that she has approximately 170 acres in the northwest corner of the island, to which the defendants assert no claim and on which they have committed no trespass or other wrongful act. It shows her land to be west of and adjacent to that of the defendants. The dividing line between her lands and those of the defendants, according to her deed from Cheatham and the attached plat, runs almost due north and south. The east line of her boundary, as fixed by Cheatham's deed and as shown by her plat, begins at a point on Herb River on the north side of the island and runs "north" and (south?) three degrees east entirely across the island to Skidaway River on the south side of the island. As shown by Cheatham's deed and the plat, the tract which the plaintiff claims is bounded on the north by Herb River; on the east by the lands of the defendants; on the south by Skidaway River and Grimball's Creek; and on the west by Grimball's Creek and Herb River.

2. It is obvious, from the pleaded muniments of title and the plat which is by reference made a part of the petition, that the plaintiff did not acquire good title from her agent Cheatham to all of the land described therein, and hence does not own all of the land to which she is here asserting title. *Turner* v. *Neisler,* 141 *Ga.* 27, 29 (80 S. E. 461). Also, from the pleaded facts, it is impossible, with any degree of certainty, to locate the place on the western part of the island where the alleged acts of trespass have been and are being committed. The rule of good pleading requires a plaintiff to plainly, fully, and distinctly set forth his cause of action, legal or equitable. Code § 81-101; *Dade County* v. *State of Georgia,* 201 *Ga.* 241 (39 S. E. 2d 473). We deem needless any further discussion of the insufficiency of the petition in this case to state a cause of action for the relief prayed, and hold that the trial judge erred in overruling a general demurrer, which raised the question of the failure of the petition to state a cause of action for the relief sought. For cases which hold that a petition should be dismissed on general demurrer where pleaded title clearly shows that the plaintiff does not own the land involved see *Chidsey* v. *Brookes,* 130 *Ga.* 218 (60 S. E. 529, 14 Ann. Cas. 975); *Kirkpatrick* v. *Faw,* 180 *Ga.* 764 (4) (180 S. E. 727); *McGinley* v. *Goette,* 205 *Ga.* 225 (52 S. E. 2d 848); *Hamilton* v. *Evans,* 208 *Ga.* 780 (69 S. E. 2d 739) The several grounds of the special demurrer have been examined and are without merit.

*Judgment reversed in part and affirmed in part. All the Justices concur.*

ARGUED FEBRUARY 15, 1955—DECIDED MARCH 15, 1955.

516

*David R. Elmore, Bouhan, Lawrence, Williams & Levy,* for plaintiffs in error.

*Frank S. Cheatham, Jr., Luther H. Zeigler,* contra.