41593. TOOTLE v. PLAYER.

BELL, Presiding Judge. Mrs. R. E. Player sued out an attachment against Dave Tootle. After execution of the attachment plaintiff filed her declaration in trespass seeking to recover damages for defendant's cutting timber on land owned by plaintiff. The declaration was based on *Code* § 105-1404, which gives a right of action in trespass to one having bare title to lands, and made no allegations concerning possession of the land. Upon trial of the case the only evidence introduced to prove plaintiff's title consisted of a tax deed conveying the land in question to R. E. Player, evidence of the in personam execution and levy upon which the tax sale was based, a copy of a judgment of the court of ordinary setting apart to plaintiff a year's support including the land in question, and quit-claim deeds to plaintiff from two of her children. There was no proof of title or possession in the defendant in fi. fa. against whom execution issued and no proof of possession in plaintiff or her predecessor. At the conclusion of the evidence, the trial court directed a verdict for plaintiff. Defendant enumerates error upon the judgment of the trial court denying defendant's motion for judgment notwithstanding the verdict. *Held:*

"Our Code, section 2965 [Code of 1933, § 105-1404], allows an action of trespass by the true owner, even though he was not in possession of the land at the time, provided the land be vacant . . . To bring himself within the statute he must show he is the true owner. This he can do only by showing title." *Yahoola River &c. Co. v. Irby,* 40 Ga. 479, 481.

"As a general rule, no property can be sold under a tax execution in personam as the property of the defendant therein, when the defendant neither has title nor possession nor any right to represent the person who has it." *Willy v. Martin,* 163 Ga. 381 384 (136 SE 151); *Patterson v. Florida Realty &c. Corp.,* 212 Ga. 440, 442 (93 SE2d 571). In the absence of proof of title or possession in the defendant in fi. fa., the sheriff's deed, even if accompanied by a valid tax execution, is insufficient to show a transmission of title to plaintiff's predecessor. *Parker v. Martin,* 68 Ga. 453; *Beck v. Bower,* 68 Ga. 738; *Scott v. Lay,* 150 Ga. 629 (104 SE 434). Where one's title is dependent upon a tax sale founded upon a valid in personam execution, that title will not sustain an action upon the theory of trespass

without proof of title or possession in the one against whom the execution issued. *McLeod v. Brooks Lumber Co.*, 98 Ga. 253, 256 (26 SE 745).

*Code Ann.* § 92-8315 (Ga. L. 1949, pp. 1132, 1133) provides in part: "Any tax deed regularly executed at a *valid and legal sale* held by the State or any subdivision thereof, including counties and municipalities, when the defendant in fi. fa. is sui juris, shall after the expiration of seven years from the date of said tax deed convey fee simple title and title to the property described in said tax deed shall vest absolutely in the grantee therein or his heirs or assigns." (Emphasis added). However, according to its clear terms this provision will not aid plaintiff in proof of her title where she has failed to show a "valid and legal sale." No valid and legal sale as contemplated by this section was shown without proof of title or possession in the defendant in fi. fa.

As plaintiff's proof of her title failed, the evidence demanded a verdict for defendant.

The judgment of the trial court is reversed and the case is remanded with direction that the defendant's motion for judgment notwithstanding the verdict be granted and judgment entered for the defendant.

*Judgment reversed with direction. Frankum and Hall, JJ., concur.*

SUBMITTED OCTOBER 6, 1965—DECIDED FEBRUARY 4, 1966—
REHEARING DENIED MARCH 11, 1966.

*Thomas & Thomas, Albert E. Butler,* for appellant.
*John W. Bennett, Leon A. Wilson, II,* for appellee.