RUSSELL *et al.* v. KING.

BECK, Presiding Justice. 1. Where processioners made their return and attached thereto a plat showing the dividing line between contiguous landowners, and one of the contiguous landowners, being dissatisfied with the return of the processioners, filed his protest, setting up and alleging that the true dividing line was not as fixed by the processioners but was as alleged in his protest, describing it but not attaching a plat to show the true line, and this issue was submitted to a jury in the superior court; and where the jury returned the following verdict, viz: "We, the jury, find in favor of" the protestant, and nothing more, and upon this verdict the court entered the following order and judgment, viz.,

"Whereupon it is considered, ordered, and adjudged by the court that the return of the processioners and plat attached thereto are set aside and held for naught, and all proceedings connected with said return are set aside," and there was no exception thereto, such verdict and judgment did not have the effect of establishing the true dividing line as that claimed by the protestant, but left the matter undecided and as if there had never been any processioning.

2. But where subsequently the landowner who had succeeded in having the court set aside the return of the processioners and the plat attached thereto filed his equitable petition in the superior court, attaching an abstract of his title, and alleged that he was the owner of and in possession of the described lands adjoining those of the defendant (the other party to the processioning proceeding), and that the true dividing line between plaintiff's and defendant's lands was as set forth in his petition, and that the same was indicated and marked by ancient landmarks, stakes, marked trees, and fences, duly described and specified; and where he further charged that the defendant had entered upon his lands and committed trespass thereon, by removing and relocating the fence back a stated distance on plaintiff's lands, plowing up and cultivating said strip of land, stopping up a drain-ditch thereon so as to cause water to form a pond on plaintiff's land and thus destroy its value and use for pasturage and other agricultural purposes, etc., and alleged further that such acts of the defendant constituted a continuing trespass against plaintiff's rights and his property, and that these wrongful acts had damaged him in a stated sum (so much for the fence taken away, so much for the land destroyed or damaged) ; and where he alleged further that defendant had been stubbornly litigious and had compelled him to employ counsel to protect his property, and had caused him to lose time, and thereby caused him injury and damage in the sum of $100, and prayed that defendant be enjoined from further trespassing on his lands and from committing any other acts against his rights or his property, and that plaintiff be awarded damages, such petition was not subject to general demurrer on the ground that same failed to set up any matter of equity or equity jurisdiction.

3. The court properly excluded evidence offered by the defendant to disprove the charge of litigiousness by showing that she had never been a party to other suits than the present one.

4. The following charge of the court is excepted to: "The plaintiff also sues for one hundred dollars, I believe, alleging that the defendant is stubbornly litigious. As to whether or not this contention is carried out, I submit as a question for this jury." This charge was error for the reason that there was no evidence to authorize it.

5. The verdict was, "We, the jury, find in favor of plaintiff $100 damages, also grant injunction restraining defendant from further trespassing." The evidence authorized the finding of the jury that defendant be enjoined and restrained from further trespassing. But this court can not say that the jury was not influenced, in awarding $100 damages, by the charge quoted above and held·to be erroneous. Direction is therefore given that if the plaintiff will write off this award of damages, the judg-

273

ment refusing a new trial will stand affirmed; otherwise it will be reversed. *Judgment affirmed, with direction. All the Justices concur.*

No. 10258.   FEBRUARY 13, 1935.

*Y. A. Henderson, H. L. Barnell,* and *J. M. Lang,* for plaintiffs in error.

*J. G. B. Erwin* and *J. H. Paschall,* contra.