BLANCH *v.* KING *et al.*

No. 15979. OCTOBER 17, 1947.

782

*I. A. Blanch,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* for defendants.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) It is well settled that, while a motion to set aside a judgment is addressed to the sound discretion of the court, it should not be granted unless some meritorious reason be given. In *Phillips* v. *Taber,* 83 *Ga.* 565, 571 (4) (10 S. E. 270), it was said: "In order for a defendant to set aside a verdict and judgment on the ground of his absence for providential cause, he must not only show that he was sick and unable to attend the court, and unable to give the court notice of his condition, but he must go further and show to the court that he had a meritorious defense to the action, and show by his affidavit or the affidavits of others such facts as would render it improbable or at least doubtful that the plaintiff would be entitled to recover. It is not enough for him to swear that he has a meritorious defense to the action, without going further and showing the facts upon which such defense is based, so that the court can determine for itself whether, if the verdict and judgment were set aside, the result might be different on the next trial; because it would be useless to set aside a verdict and go through another trial to have the same verdict rendered by the jury." In setting forth reasons why the judgment should be set aside, facts and not merely conclusions should be stated so that the court itself may determine the merits thereof. *Purity Ice Works* v. *Rountree,* 104 *Ga.* 676, 679 (30 S. E. 885) ; *Jewell* v. *Martin,* 121 *Ga.* 325 (48 S. E. 929). "Where parties have a case in court, it is their duty to attend and look after their interests. They cannot remain away without sufficient cause and subsequently have

set aside a judgment properly rendered against them, especially where, by the exercise of the least diligence, they could have ascertained the time when the case was set for trial." *Seifert* v. *Holt*, 82 *Ga.* 757 (3) (9 S. E. 843). They are bound to take notice of the time and place of trial and of when their presence is required. *Eady* v. *Napier*, 96 *Ga.* 736 (22 S. E. 684); *Ayer* v. *James*, 120 *Ga.* 578, 581 (48 S. E. 154); *Lovelace* v. *Lovelace*, 179 *Ga.* 822, 825 (177 S. E. 685); *Hurt Building* v. *Atlanta Trust Co.*, 181 *Ga.* 274, 286 (182 S. E. 187). Even where the party's failure to follow up his case may be excusable, it is not sufficient to set aside a judgment on account of the illness of counsel unless it appears that, in addition to having been unable to attend court, counsel's condition was such that he could not himself or through others have notified the court and sought a postponement. *Sims* v. *Sims*, 135 *Ga.* 439 (2) (69 S. E. 545); *Brown* v. *Verekas*, 164 *Ga.* 733 (139 S. E. 344).

It is seen from the above that, in order to set aside a judgment as here, a meritorious defense, shown by distinct facts and not conclusions, must be presented. The petitioner must also show, in case of illness of his counsel, that counsel notified the court of his condition or was, by reason of the severity of his illness, unable to do so himself or through others, and that the petitioner was not negligent in keeping up with the progress of the case. It is not made to appear that the attorney here, between the date of his becoming ill and the rendition of the default judgment on March 4, 1947, could not have notified the court of his condition, or that the petitioner was for any sufficient reason prevented from apprising himself of the progress of the case and seeking a postponement. Nor is it shown that, if these essentials had been met, the petitioner had a good defense which on a hearing would probably produce a verdict in his favor. In these circumstances the petition was not legally sufficient to authorize the court to set aside the judgment, and it was error to overrule the general ground of demurrer that no cause of action was set forth. See especially *Glover* v. *Dimmock*, 119 *Ga.* 696 (46 S. E. 824); *Ayer* v. *James*, supra. The case is quite unlike *Howell* v. *Ware*, 133 *Ga.* 674 (66 S. E. 884), and *Robinson* v. *Carmichael*, 134 *Ga.* 654 (68 S. E. 582), cited and strongly relied upon by the defendants in error in their briefs. In the *Howell* case it was alleged that the petitioner had a good defense and it was shown by distinct facts. Immediately upon

having been employed, the petitioner's counsel suffered an illness which completely incapacitated him from attending to any of his professional duties. The petitioner was ignorant of all this, his business keeping him out of the city and the jurisdiction of the court a great part of the time. He was absent when the default judgment was entered, and did not know of the facts until his return and he had no opportunity of knowing. In the *Robinson* case, the defendant employed counsel, who filed a meritorious defense but was taken ill with nervous prostration and did not attend the trial. He had agreed to notify the client when there was anything for him to do with reference to the case. The attorney did not have any partner or associate. It was the custom in the City Court of Atlanta, where the judgment was entered, to have a "bar call" on Friday of every week. Attorneys representing clients in cases likely to be called and assigned for trial the following week were, under the existing custom, supposed to be present, but the parties were not. At the "bar call" at which the attorney, because of illness, was not present the case was placed on the trial calendar for October 18, 1909, and on October 25, 1909, a judgment was entered in the absence of the defendant and his counsel. It was not until after the adjournment of court that the defendant knew that the case had been put on the trial calendar and that a judgment had been entered against him.

The grounds of the demurrer other than ground 1, though denominated "special" grounds, are in fact general. Grounds 2 to 4, inclusive, should have been sustained and not overruled. Ground 5 should have been sustained, on the objection that the petition does not disclose that the attorney had been unable to notify the court or the petitioner of his illness, but not for the alleged reason that the petition does not disclose that the attorney could have notified them by his law clerk or secretary. It is not alleged in the petition that the attorney had a law clerk or secretary, and it will not be presumed that he had. Grounds 6, 7, 8, and 10 were properly overruled. Ground 9 should have been sustained.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*