### 25251. TOOTLE v. PLAYER.

UNDERCOFLER, Justice. Mrs. Stella T. Player filed an action against Dave Tootle in the Superior Court of Charlton County for damages and injunction for a continuing trespass. The petition alleges that her damages are irreparable and the continuous nature of the trespasses would require a circuity and multiplicity of actions to protect her rights. The defendant filed a motion to dismiss the petition, a plea of res judicata, and estoppel by judgment, all of which were denied. The case was tried by a jury and a verdict and judgment were rendered for the plaintiff. The defendant filed a motion for new trial which was overruled. He appeals. *Held:*

1. The appellant contends that the trial judge erred in not granting his motion to dismiss because the petition seeks to recover possession of land by injunction and there is an adequate remedy at law for this purpose.

Where, as here, the plaintiff alleges that the barbed wire fence

and shanty built by the defendant on her land constitute a continuing trespass against her rights and her property, that her damage is irreparable, and that it would require a multiplicity of actions to protect her rights, the petition is not subject to a motion to dismiss on the ground that it fails to set up any matter of equity or equity jurisdiction. *Russell v. King*, 180 Ga. 271 (2) (178 SE 706); *Plambeck v. Bailey*, 211 Ga. 200 (84 SE2d 572).

2. The appellant contends that the trial judge erred in not granting his plea of res judicata and estoppel by judgment because of previous litigation between the parties to this suit involving the same lot of land.

"The doctrine of estoppel by judgment differs from the plea of res judicata, in that, while res judicata applies only as between the same parties and upon the same cause of action to matters which were actually in issue or which under the rules of law could have been put in issue, estoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit." *Brown v. Brown*, 212 Ga. 202, 204 (91 SE2d 495).

Here, the first suit between the parties was a claim for damages for wrongful cutting of timber. The instant suit is an equitable action praying that the defendant be enjoined from continually trespassing upon the plaintiff's property and maintaining thereon a barbed wire fence and a shanty which trespass originated since the judgment in the first suit. Therefore, the instant suit is not based upon the same cause of action as the former suit and the plea of res judicata was properly denied.

The judgment of the Court of Appeals in the first suit (*Tootle v. Player*, 113 Ga. App. 305, 306 (147 SE2d 867)) held that the plaintiff failed to prove her title, not that the plaintiff did not have title as here contended by the appellant. That case did not decide directly that the plaintiff had no title to this property and the judgment does not operate as an estoppel in the instant case. *Draper v. Medlock*, 122 Ga. 234 (1) (50 SE 113, 69 LRA 483, 2 AC 650); *Brown v. Brown*, supra. "[T]here is an estoppel by the judgment only as to such matters as were necessarily, or as are shown to have been actually, adjudicated in the former litigation." *Spence v. Erwin*, 200 Ga. 672 (1a) (38 SE2d 394).

The trial judge properly overruled the plea.

3. Appellant contends that the court erred in overruling his motion for new trial because the trial was held without giving him notice of the date, time or place thereof and that this is required under *Code Ann.* § 81A-140 (c) (Ga. L. 1966, pp. 609, 653). On September 24, 1968, this action and other pending actions were assigned for jury trial at the regular October term, 1968, of Charlton Superior Court which convened on October 7, 1968, at Folkston, Ga. The trial judge found that the clerk mailed a written copy of the trial calendar to appellant's attorney in a properly stamped and addressed envelope prior to October 1, 1968. The case was tried at that term on October 8, 1968. This complies with *Code Ann.* § 81A-140 (c) providing that "The courts shall provide for the placing of actions upon the trial calendar (1) without request of the parties but upon notice to the parties. . ." See *Code Ann.* § 81A-105 (b).

This enumeration of error is without merit.

4. The appellant contends that the trial court erred in requiring him to pay the costs and give a supersedeas bond as a condition precedent to the trial clerk preparing and transmitting the record to this court.

The record shows that the appellant filed his notice of appeal on January 23, 1969, without paying the costs. On February 6, 1969, the appellant filed a pauper's affidavit stating that because of his poverty he was unable to pay costs or post a supersedeas bond. On February 7, 1969, the plaintiff (appellee) filed a motion to require a supersedeas bond and traversed the pauper's affidavit stating under oath that the same was untrue. At the hearing of such motion, the appellant filed a brief and did not appear or respond to the plaintiff's motion to produce his 1968 and 1969 ad valorem tax returns for Duval County, Fla., and copies of his income tax return for 1967 and 1968. The plaintiff introduced in evidence the 1968 ad valorem tax returns of the appellant for Charlton County, Ga., showing that he owned at the date of the hearing ten acres of land and five city lots of the total returned value of $710 and the market value of $1,775. The trial court found that the defendant was not a pauper and ordered the appellant to post a supersedeas bond, pay the costs in the trial court, and pay the costs for preparing and transmitting the record to this court.

*Code Ann.* § 6-1003 provides: "In all civil cases where the party

taking an appeal files affidavit, stating that because of his poverty he is unable to pay costs or to post such supersedeas bond, if any, as may be required by the trial judge as hereinabove provided, the notice of appeal and affidavit in forma pauperis shall act as supersedeas. Any party at interest, or his agent or attorney, may contest the truth of such pauper's affidavit by verifying affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the trial court under the rules of the court. The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." Ga. L. 1965, pp. 18, 23; 1966, p. 723.

There is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 11, 1969—DECIDED JULY 10, 1969.

*Albert E. Butler,* for appellant.
*Leon Wilson,* for appellee.