45999, 46000.   ROARK v. NORTHEAST SALES DISTRIBUTING COMPANY, INC. et al. (two cases).

HALL,.Presiding Judge. Plaintiffs appeal from the denial of their motions to re-open these cases which had been previously dismissed for want of prosecution.

At a pre-trial hearing on April 7, 1969, all parties stipulated that discovery had not been completed and requested that the cases be placed in an inactive status. The court issued orders complying with this request which stated ". . . said case is herewith placed in an inactive status and will not again be placed upon a pre-trial calendar until requested by counsel or on order of the court."

On January 9, 1970, the court issued an order listing cases which had been in an inactive status for more than six months and calling upon counsel to show cause on February 6 why the cases should not be dismissed for want of prosecution. The clerk of the court has certified that plaintiffs' attorney was mailed a copy of this order entitled "Calendar Call of Inactive Cases." Plaintiffs' attorney states that he never received this calendar, but also admits that he had changed his office address in the meantime. He contends that if it were mailed to him, it should have been forwarded.

On February 6, 1970, the court dismissed the cases when counsel for plaintiffs failed to appear. He *did* receive a copy of this order. Nevertheless, he did not file his motion to re-open until October 26, 1970. The motion was heard and denied on November 24.

Plaintiffs' main contention is that the court had no power to issue

an order placing these cases on a pre-trial calendar in contravention of the April orders stating that they would not be so placed. The contention is without merit. The April orders specifically stated the case could again be placed on a pre-trial calendar "on order of the court." The "Calendar Call of Inactive Cases" was an order of the court, properly drawn and signed by the judge. See *Code Ann.* § 81A-116. Upon proof of mailing to counsel's last known address, the court was authorized to dismiss the cases for want of prosecution. See *Tootle v. Player*, 225 Ga. 431 (169 SE2d 340); *Code Ann.* § 81A-105 (b). The re-opening or reinstatement of the cases was therefore within the discretion of the court and we cannot say it was manifestly abused.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
Submitted March 8, 1971—Decided June 7, 1971.

*Michael Anthony Glean,* for appellants.

*Greer, Sartain, Carey & Cromartie, Joe B. Sartain, Jr.,* for appellees.