## 47102. WILKES v. RICKS.

ARGUED APRIL 6, 1972—DECIDED APRIL 19, 1972—
REHEARING DENIED MAY 11, 1972—

*Sheldon R. Wittner,* for appellant.
*Claude E. Hambrick,* for appellee.

CLARK, Judge. For decision here is an appeal from denial of a motion by defendant who had filed an answer including a defense based on the Statute of Frauds to set aside a judgment obtained by default which appellant's petition avers was procured without any notice of assignment for trial.

We reverse because the record fails to show compliance with *Code Ann.* § 81A-140 (c) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245). The pertinent portion reads: "The courts shall provide for the placing of actions upon the trial calendars (1) without request of the parties *but upon notice to the parties* . . ." (Emphasis supplied). The emphasis we supplied in the foregoing quotation is on words which the drafters of the Georgia Civil Practice Act added in undertaking to adapt Rule 40 of the Federal Rules of Civil Procedure. As was said by E. Freeman Leverett in his explanatory article in 3 Georgia State Bar Journal 295 at page 305: "Literally construed this section changes the existing law which is to the effect that parties are 'bound to

take notice of the time and place of trial and of when their presence is required.' Blanch v. King, 202 Ga. 779, 783; Williams v. Linn, 108 Ga. App. 629, 633 (3)."

We recognize that each court[1] has its own rules dealing with assignment of cases for trial and notice thereof but the case sub judice is similar to *Siefferman v. Kirkpatrick,* 121 Ga. App. 161, 163, supra, in that "The petition here alleges no notice of trial or the placing of the case on the regular trial calendar." Having made this allegation, defendant is entitled to his day in court on the main case if in fact he proves this essential requirement of assignment notice to have been overlooked or absent. Contra of course if the plaintiff is able to show that the statutory requisite of notice was satisfied.

It should also be noted in the case at bar that the judgment which appellant seeks to set aside states in haec verba: "and no defense having been interposed as provided by law," when in fact there is an answer including the affirmative defense of a plea of the Statute of Frauds.

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*

ON MOTION FOR REHEARING

On motion for rehearing appellee has submitted a photo copy of an issue of the DeKalb New Era which is the official organ of DeKalb County, Georgia. This photo copy listed the assignment of this specific case. Since this court cannot take judicial cognizance of a local court rule or of a fact which is not in the record on appeal we have no choice excepting to adhere to our previous opinion.

*Rehearing denied.*

---

[1] For example, Chatham Superior Court and the State Court of Chatham County mail notices of each case with copy retained in the court record, whereas Fulton Superior Court uses as its notice vehicle the Fulton County Daily Report. Many circuits mail as the term approaches complete trial calendars to all counsel of record. Our statute does not designate the manner of notice but expressly requires notice. See *Barber v. Canal Ins. Co.,* 119 Ga. App. 738 (168 SE2d 868).