48968. TRICE v. HOWARD.

DEEN, Judge. 1. The requirement of Code Ann. § 81A-140 (c) (1): "The courts shall provide for the placing of actions upon the trial calendar without request of the parties but upon notice to the parties," is complied with by mailing notice that the case will be on the trial calendar on a given date to the attorney for the litigant, no question being raised but that the notice was received in due course of mail. *Tootle v. Player,* 225 Ga. 431 (3) (169 SE2d 340).

2. (a)  Where, according to the uncontroverted certificate of the clerk of the superior court of Lamar County the court calendar for the June 1973 term of court commencing June 12 was made up on May 25, 1973, and included the appellant's case, and a copy of the calendar was mailed to appellant's attorney of record "in plenty of time for the attorney of record to recieve same prior to June 4, 1973," and this attorney was in fact representing the appellant at that time and up until June 4, such notice to the attorney is notice to the client.

(b)  It is contended that this court cannot properly consider this certificate, which was sent up as a supplemental certificate, of the clerk after the appeal was filed. Strictly speaking, this is correct. However, we are affirming the case basically for lack of any evidence that the lawyer did not receive proper notice, the burden being on the appellant to show this fact. Also, the trial court may always properly take judicial notice of the presumption that the clerk gave notice as required by statute

(*Johnson v. State*, 27 Ga. App. 679 (3b) (109 SE 526)) and of records in the office of the clerk (*Roberts v. Roberts*, 201 Ga. 357, 359 (39 SE2d 749)) and this certificate only makes evident to us a fact of which the court probably did, and certainly in the event of reversal here will, take judicial notice with the result that the same decision would be reached again. Thus, a reversal on this technical ground would not help the appellant.

3. When this case was called for trial on June 12, the date shown on the calendar as the trial date, the plaintiff-appellant was not present in person or by counsel, and judgment was entered up in favor of the defendant, under the provisions of Code Ann. § 81A-141 (b). This operated as an adjudication on the merits. *Kalin v. Pfarner*, 124 Ga. App. 816 (1) (186 SE2d 365). The appellant contends that he was not notified that the case was to be called for trial on June 12, but that on the contrary his former attorney erroneously notified him the trial date would be June 13, and that under these facts he is entitled to have the judgment opened up. If the appellant's premises are correct, he is seeking to have the judgment set aside solely on the ground of negligence of his attorney not appearing on the face of the record, which is not a proper ground of a motion to set aside. See *Jordan v. Plott*, 121 Ga. App. 727 (1) (175 SE2d 148).

The trial court did not err in denying the motion to reopen the case.

*Judgment affirmed. Hall, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 17, 1974 — DECIDED JANUARY 31, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*Ham, Mills & Freeman, Phillip Benson Ham,* for appellant.
*Harvey J. Kennedy, Jr.,* for appellee.