51288, 51289. TALLMAN POOLS OF GEORGIA, INC. et al. v. NAPIER (two cases).

QUILLIAN, Judge.
These appeals involve companion cases and the central question of whether the defendant, appellant here, was notified within the meaning of CPA § 40 (c) (Code Ann. § 81A-140 (c); Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968, pp. 1104, 1108). Case No. 51288 was Civil Action No. 27,408 in the court below, while Case No. 51289 had its equivalent in Civil Action No. 27,409. Both actions were brought by the plaintiff, appellee here, seeking recovery for the breach of rental contracts and damages arising therefrom.

Counsel A was representing the defendant at the

time the cases were stipulated for trial. They were continued for the purposes of settlement but no settlement was reached. At that point the defendant apparently became dissatisfied with Counsel A and contacted Counsel B to represent him. On January 21, 1975 the cases were again stipulated for trial to the February Term of court and Counsel A was so notified. By letter dated January 23, 1975, Counsel B notified the clerk of court as follows: "Please record my name as Attorney of Record for the Defendant in the above two cases. [Counsel A] has withdrawn as Attorney for the Defendant." This letter was filed in the clerk's office as received on January 30, 1975. At about this same time (we shall deal with this at greater depth in the opinion) notice was sent by the clerk's office to Counsel A regarding the February 17, 1975 trial calendar and the call of the two cases at that time. On February 17, 1975 the case was called and no one answered for the defendant, the plaintiff being present. A judgment issued as of that date which recited that the trial judge after hearing evidence awarded damages in each of the two cases.

Present Counsel "C" for the defendant filed a motion to set aside or a motion for new trial attacking, in each of the two cases, the validity of the judgments entered on the basis that no notice had been given to the defendant as required by law. A hearing was held on the two motions at which evidence was introduced and which resulted in the trial judge's denial of the motions. Appeal was taken to this court. *Held:*

The defendant argues that a new trial should have been granted or the judgment set aside because the evidence established that he did not receive the requisite notice under CPA § 40 (c). He also urges a ground not previously presented in the lower court that the judgment is void on its face since it shows the trial judge heard the matter and that ex delicto damages were involved which required a trial by jury under CPA § 55 (Code Ann. § 81A-155; Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238).

During the hearing the following pertinent evidence was adduced. The letter notifying the clerk regarding the change of defendant's counsel which was received on January 30, 1975 was styled: "Re: Civil Action File No.

27,400 and No. 27,409 Napier v. Tallman Pools, et al."

Case No. 27,408 was not mentioned in the letter. The deputy clerk in charge of mailing notice to counsel stated that the cases were filed by number and not by name and that the letter was placed in No. 27,409, but not in No. 27,408. She further testified that notice was normally sent out before the first of the month and that it would normally go out about the time the letter was received but she did not recall whether the letter was received before or after the notice was sent out. However, she then stated that based on the practice which she followed that if the letter had been received prior to the notice being sent out that she would have sent the notice to the new counsel (Counsel B). Based on that she then testified that notice had been sent before the letter was received. She further testified that the notice would have been sent to Counsel B at a subsequent time but the letter was overlooked.

Counsel B testified that he never received any notice of the call of the case and that he made no contact with Counsel A. The defendant's file was given to him by the defendant who previously had obtained it from Counsel A. Counsel A testified that he was never formally discharged nor did he expressly withdraw but that the defendant had asked him for the file and then he had received a copy of the letter which stated that he had withdrawn as counsel. He therefore assumed that he had been discharged and participated no further in the case.

1. With regard to the defendant's contention of lack of notice we treat the merits of such argument without considering technical distinctions between a motion to set aside a judgment and a motion for new trial since both motions were herein filed. The following authorities have relevance in our determination.

Where a default judgment is entered for the plaintiff without the requisite notice of trial assignment to the defendant the judgment should be set aside. *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603). A different result obtains, however, if the provisions for notice are complied with even though the party himself may not have actual notice. See *Rockmart Bank v. Beck,* 129 Ga. App. 457 (199 SE2d 907); *Trice v. Howard,* 130 Ga. App. 895 (204 SE2d 808); *Newman v. Greer,* 131 Ga. App. 128 (205 SE2d 486);

*Tootle v. Player,* 225 Ga. 431, 433 (3) (169 SE2d 340).

The letter sent to the clerk's office made reference to Case No. 27,409, but not to Case No. 27,408. Although the error in the letter with regard to the number of the case may have been typographical, it is clear that the clerk was not notified of the change of counsel as to Case No. 27,408. Thus, notice was sent to counsel of record in that case and any fault in receiving such notice must be attributed to the defendant rather than to the plaintiff, or to the clerk's office. See *Trice v. Howard,* 130 Ga. App. 895, supra.

As to Case No. 27,409, it should be pointed out that the original counsel of record did receive information that the case was stipulated to the February term of court. This knowledge would clearly be attributable to his client, defendant. *Brown v. Travelers Indem. Co.,* 124 Ga. App. 542, 543 (184 SE2d 504); *Bean v. Barron,* 176 Ga. 285 (2) (168 SE 259). Moreover, there was proof offered by the deputy clerk from which the trial judge could have found and did find that the notice of change in counsel was received after notice had been sent to counsel of record. "Although a witness may have no distinct and independent recollection of the details of a fact occurring in the course of the routine of his business, he may testify to his fixed and uniform habit in such cases, and state that he knows what he did in a given transaction was in accordance with that habit." *Leonard v. Mixon,* 96 Ga. 239 (23 SE 80). Accord: *Interstate Life &c. Ins. Co. v. Whitlock,* 112 Ga. App. 212 (144 SE2d 532); *Daniel v. State,* 130 Ga. App. 548 (2) (203 SE2d 736); *Butler v. State,* 142 Ga. 286 (82 SE 654).

While the clerk's office performs a beneficial task in notifying counsel where a change takes place subsequent to the mailing of notice, we find nothing in the law that requires the clerk's office to do so and instead we find that the giving of notice to counsel of record as of the time the notice is mailed is sufficient compliance with CPA § 40 (c). That being true, the trial judge did not err in refusing to grant the motion filed by the defendant in the two cases.

2. The remaining enumeration of error concerns the failure of a jury to try the issues as to damages. CPA § 55 (Code Ann. § 81A-155; Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238) to which counsel for the defendant refers,

requires a jury trial after default on the matter of unliquidated damages ex delicto. However, as to actions ex contractu the trial judge is authorized to hear evidence relevant thereto. In this case the plaintiff sought recovery for rent due under a lease agreement and further alleged: "That, as per the lease agreement set out herein, lessor agreed to restore said property, if any damage was caused by their occupancy. Damages did occur as a result of this occupancy and Defendants are liable to Plaintiff in the sum of $1,993.59." It is therefore clear that these damages sought were under the contract and there is nothing to show that ex delicto damages were involved so as to require a jury trial. The judgment is not void on its face and therefore will not be set aside under this enumeration of error.

*Judgments affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED JANUARY 12, 1976 — REHEARING DENIED FEBRUARY 6, 1976 IN CASE NO. 51289.

*William P. Smith, III,* for appellants.
*Watson, Brown, Foster & Keller, Larry A. Foster,* for appellee.