51936. LIBERTY FOREST PRODUCTS, INC. v. INTERSTATE PAPER CORPORATION.

WEBB, Judge.

The trial court entered an order granting summary judgment to plaintiff Interstate on the basis that opposing

materials were not served and filed until the date of the hearing and therefore would not be considered, citing Code Ann. §§ 81A-106 (d), 81A-156 (c) and 81A-105 (d). The date of the hearing was October 3, and the record shows that the materials were mailed to opposing counsel on October 2. "Service by mail is complete upon mailing." Code Ann. § 81A-105 (b). Accordingly the materials were served one day before the hearing as required by Code §§ 81A-106 (d) and 81A-156 (c). Interstate insists, however, that since the materials were not filed until the day of the hearing, there was no compliance with Code Ann. § 81A-105 (d) requiring filing "with the court within the time allowed for service," and that the trial court was correct in refusing to consider them. We do not agree.

The original date set by order of the trial court for a hearing on Interstate's motion for summary judgment was September 26. On September 24 Interstate served Liberty's counsel by mail with an amended motion for summary judgment and supplement with affidavit and exhibits comprising some 265 pages. Apparently the scheduled hearing for September 26 was postponed, even though there is no court order to that effect, for Liberty's response contains this uncontroverted and unchallenged paragraph: "(2) By reason of a voluminous supplement to the original motion for summary judgment mailed to defendant [Liberty] on September 24, 1975, the hearing of the motion for summary judgment *and the time for response* was continued by agreement to October 3, 1975." (Emphasis supplied.)

The law favors the disposition of litigation on its merits. To uphold Interstate's argument would be "a return to technicalities out of keeping with the aim declared in the very first Rule that 'They shall be construed to secure the just, speedy, and inexpensive determination of every action.' " Rule 1, Fed. R. Civ. P.; Davis v. Parkhill-Goodloe Co., 302 F2d 489, 495 (5th Cir. 1962); CPA § 1 (Code Ann. § 81A-101). Since "the time for response was continued by agreement to October 3, 1975," and the response was filed on that date, we hold that that filing was timely.

The appeal will be remanded with direction that the judgment be vacated and a new judgment entered, taking

the opposing materials into consideration.

*Appeal remanded with direction. Deen, P. J., and Quillian, J., concur.*

Argued March 2, 1976 — Decided March 17, 1976.

*Larsen & Lewis, W. W. Larsen, Jr.,* for appellant.
*Jones, Osteen & Jones, Charles M. Jones, Billy N. Jones,* for appellee.