## 54014. SCHWARTZ v. C & S MORTGAGE COMPANY.

WEBB, Judge.

Upon their failure to appear in court a default judgment in the amount of $583,364.49 principal and $178,905.87 interest and costs was entered against

Schwartz and another, and Schwartz makes this pro se appeal.

1. Schwartz, a resident of Texas, denied that the trial court had jurisdiction of his person and asserts that he had the right to a jury determination of this issue. However, no demand for jury trial was made as required by the rules of the Civil Court of Fulton County and, in any event, the trial judge was authorized to decide the issue before trial without submitting it to a jury. *Rainwater v. Vazquez,* 135 Ga. App. 463, 464 (1) (218 SE2d 108) (1975). There was evidence in the pleadings, depositions and affidavits that Schwartz was a general manager in a limited partnership that was organized and existing within the State of Georgia, and that he had executed and delivered in Georgia a promissory note payable in Georgia to a Georgia entity and secured by a deed to secure debt on real property located in Georgia. These acts were sufficient to satisfy the jurisdictional requirements. See *Davis Metals, Inc. v. Allen,* 230 Ga. 623 (198 SE2d 285) (1973).

2. Schwartz' contentions in regard to lack of notice of the trial date are also without merit. This issue was not raised prior to appeal by motion for new trial or other available procedure set forth in the Appellate Practice Act (Code Ann. § 6-702), and a failure to object to lack of legal notice will be deemed as a waiver of any defects. *Johnson v. Heifler,* 141 Ga. App. 460, 461 (1) (233 SE2d 853) (1977). In the absence of anything in the record to the contrary it will be presumed that proper notice was given. *Johnson v. Cleveland,* 131 Ga. App. 560, 561 (1) (206 SE2d 704) (1974). In fact Schwartz does not assert that the trial date was not published, but argues that "the fiction of publication in the Fulton County Daily Report" is a deprivation of due process because daily buying and reading of such notices would be "burdensome and oppressive." Publication in the official county organ is sufficient notice of a pending trial and this complaint must fail. *Rockmart Bank v. Beck,* 129 Ga. App. 457 (199 SE2d 907) (1973); *Holbrook v. Halpern Enterprises,* 141 Ga. App. 648 (1977).

3. The entry of default judgment against Schwartz for his failure to appear for trial was not improper. The

rules of the superior courts have been made applicable to the Civil Court of Fulton County by the provisions of Ga. L. 1970, p. 2446, and Rule 41 (Code Ann. § 24-3341) provides that when a defendant fails to answer for trial or requests a continuance the answer will be stricken, thereby creating a default and authorizing a default judgment. See also CPA § 55 (a) (Code Ann. § 81A-155). See generally, 18 EGL 283, Judgments and Decrees, § 65 (1970).

No error appearing, the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED JUNE 6, 1977 — DECIDED JUNE 13, 1977 — REHEARING DENIED JUNE 29, 1977.

Newton B. Schwartz, *pro se.*

*Alston, Miller & Gaines, Paul D. Copenbarger,* for appellee.