## 54509. GREGSON v. WEBB et al.

SHULMAN, Judge.

Appellees brought suit against appellant on an open account. Appellant filed an answer containing an allegation that the debt was the debt of another, a plea of "nul tiel debt," and a general denial. When the case was called for trial, there was no appearance for appellant. On motion of appellee, appellant's answer was stricken and default judgment entered against him. Appellant's motion to set aside was denied, from which denial this appeal is taken.

1. The motion to dismiss this appeal is denied. Denial of a motion to set aside is an appealable judgment. *Shannon Co. v. Heneveld,* 235 Ga. 635 (221 SE2d 200), revd. 135 Ga. App. 252 (217 SE2d 424).

2. Appellant claims he was not afforded notice of the date of trial. The record shows that the case was included in the calendar of the State Court of DeKalb County, which was published in the official organ of that county. Appellant's contention that this does not suffice as notice of trial is answered adversely to him in *Rockmart Bank v.*

*Beck,* 129 Ga. App. 457 (199 SE2d 907).

3. Appellant's answer was stricken under the 3-minute rule of Code Ann. § 24-3341. He contends that only the portion of the defensive pleading denominated "Answer" was stricken, leaving his special pleas still at issue. The effect of the trial court's order striking the answer was to remove the whole defensive pleading. There being then no answer to the complaint and no further action by appellant, default judgment was properly entered. Code Ann. §§ 81A-112 (a), 81A-155 (a). See *Lester v. Master Charge,* 141 Ga. App. 593 (234 SE2d 164).

4. No evidence was presented in the trial court before the default judgment was entered. By express provision of Code Ann. § 81A-155 (a), a plaintiff is entitled, when the case is in default, to a judgment ". . . as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury, unless the action . . . involves unliquidated damages. . . An action based upon open account shall not be considered one for unliquidated damages within the meaning of this section." This was an action upon open account; contrary to appellant's contentions no evidence was required.

5. Appellant argues that the judgment is void on its face because the statement of account attached to the complaint as an exhibit shows the debt to be owed by another. That contention is not borne out by the record. The statement of account is addressed to appellant at his place of business. In the absence of proof to the contrary, the tender of which was prevented by appellant's failure to diligently prosecute his defense, it appears that the name of the business below that of the appellant is merely part of the address. This enumeration is without merit.

6. A final enumeration of error asserts that ". . . the record shows the default judgment to be patently in error, illegal, void, and without jurisdiction in the lower court to sustain it. . ." On the contrary, the record shows that the answer of appellant was properly stricken, Code Ann. § 24-3341, and that subsequently a default judgment was properly entered, Code Ann. § 81A-155 (a). The motion to set aside was correctly denied.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

Submitted September 16, 1977 — Decided October 18, 1977.

*Albert E. Butler,* for appellant.
*Roger W. Moister, Jr.,* for appellees.