## 33987. McNALLY v. STONEHENGE, INC.

NICHOLS, Chief Justice.

McNally filed a complaint in equity against Stonehenge, Inc., attempting to set aside a default judgment on the ground that he had not received notice of the trial date. The trial court granted summary judgment for Stonehenge and dismissed the complaint.

The trial court found that "McNally's attorney of record at the time the trial date was set was aware of the date." McNally contends that although notice of-the trial date was given to his attorney of record and also was published in the county's official organ, the judgment should be set aside because he himself had not received actual notice of the date. He contends that his former attorneys of record gave him no notice of the trial date before they withdrew from the case.

When the original counsel of record for McNally received notice of the trial date, McNally was on notice as to the date in accordance with Code Ann. § 81A-140 (c), despite the fact that original counsel might not actually have told McNally before withdrawing from

representation. *Tallman Pools of Ga. v. Napier,* 137 Ga. App. 500, 503 (224 SE2d 426) (1976). Furthermore, the proper publication of the court calendar in the official organ of the county afforded McNally sufficient notice of the trial date. *Gregson v. Webb,* 143 Ga. App. 577 (239 SE2d 230) (1977).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 1, 1978 — DECIDED SEPTEMBER 27, 1978.

*Macey & Zusmann, Steven Schaikewitz, George S. Stern,* for appellent.

*Henning, Chambers & Mabry, Ronald Arthur Lowry,* for appellee.