56274. GORLIN v. FIRST NATIONAL BANK OF CHATTOOGA COUNTY.

WEBB, Judge.
Since this case was scheduled for trial on the calendar of the State Court of DeKalb County, which was duly published in the official organ of that County, it was error for the court to set aside its prior dismissal under the "three-minute rule," Code Ann. § 24-3341, on the ground

that counsel had no notice of the trial. *Rockmart Bank v. Beck,* 129 Ga. App. 457 (199 SE2d 907) (1973); *Schwartz v. C & S Mtg. Co.,* 142 Ga. App. 682 (236 SE2d 856) (1977); *Gregson v. Webb,* 143 Ga. App. 577 (2) (239 SE2d 230) (1977).

*Vaughan v. Car Tapes, Inc.,* 135 Ga. App. 178 (217 SE2d 436) (1975) relied upon by appellee bank differs from this case. There the court rules had not been complied with due to the mistake by the clerk's office in apparently mailing the trial calendar to the wrong attorney and the attorney of record did not receive it. Here, as in *Askren v. Allen,* 132 Ga. App. 292 (208 SE2d 165) (1974), the trial calendar listing this case for trial, and the names of counsel, had been published in the official organ of DeKalb County, and that was sufficient notice to the parties of the pending trial in that court.

*Judgment reversed. Bell, C. J., Deen, P. J., Quillian, P. J., Smith, Shulman, Banke and Birdsong, JJ., concur. McMurray, J., dissents.*

ARGUED SEPTEMBER 5, 1978 — DECIDED OCTOBER 25, 1978 — REHEARING DENIED NOVEMBER 16, 1978 —

*Long & MacDowell, Fred MacDowell,* for appellant. *Boney & Boney, F. H. Boney,* for appellee.

MCMURRAY, Judge, dissenting.

In my view this is an instance wherein local court rules are inconsistent with the provisions of the Civil Practice Act (CPA) as to notice requirements. The notice is supposedly supplied by local court rule, that is, by advertising the trial calendar in the official organ of the county.

The case sub judice is based solely on *Rockmart Bank v. Beck,* 129 Ga. App. 457 (199 SE2d 907), wherein this court held that publication of the trial calendar in the official organ of the county was sufficient notice to the parties of the pending trial. At this time we have several pending cases involving this particular point and in particular whether the case of *Rockmart Bank v. Beck,* supra, and all cases which follow it should be overruled

and disapproved. It is quite apparent that a final decision on the requirement of notice must be determined by the Supreme Court of Georgia with reference to the meanings of Code Ann. § 81A-105 (b), and Code Ann. § 81A-140, and Code Ann. § 81A-183 (Ga. L. 1966, pp. 609, 615, 653, 670; 1967, pp. 226, 229, 245; 1968, pp. 1104, 1108; 1976, p. 1677).

In this case plaintiff's complaint was *filed on October 24, 1977,* defendant's answer was *filed on November 10, 1977,* and discovery was begun by a request for admissions *filed on November 30, 1977.* Thereafter, plaintiff filed a motion for summary judgment on January 9, 1978, only to be advised by the clerk with the return of its papers that its complaint *had been dismissed on December 21, 1977.* The order of December 21, recited that the case came on regularly to be heard for trial "after being properly published, and called for trial, there being no response from the plaintiff, and after waiting more than three minutes, and no response from the plaintiff, said case is hereby dismissed with prejudice..."

Whereupon on the 16th of January, 1978, within thirty days plaintiff moved to vacate and set aside the order of dismissal because plaintiff had received no notice that the case had been placed on the calendar and that no calendar was mailed to the plaintiff and the only notice was publication in a special publication for DeKalb and Fulton Counties. The state court vacated and set aside the order of dismissal and allowed the case to proceed. However, we are not concerned here with further proceedings of that court inasmuch as the majority here reverses the trial court in its order vacating and setting aside the order of dismissal and in allowing the case to proceed.

It is quite clear to me that one of the purposes of the Civil Practice Act was to do away with certain practices carried on by local courts in this state by adopting a uniform practice procedure. In my opinion simple publication, without more, in the official organ of the county where the opposing party, or for that matter, where all the parties are nonresidents and receive no notice of the calendar is simply no notice at all as required by the CPA.

Furthermore, there is no magic in mere nomenclature, and in the case sub judice the trial court in effect granted a new trial. The first grant of a new trial, within the framework of the law, is never error.

Every pleading subsequent to the original complaint and "every written notice, appearance, demand ...shall be served upon each of the parties," unless there be a default and waiver of all notices, "including notices of time and place of trial." See Code Ann. § 81A-105 (a) (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229). Of course, this service may be made upon the party himself, "by delivering a copy to him or by mailing it to him at his last-known address," and service by mail shall be complete upon mailing. Code Ann. § 81A-105 (b) (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229). See also *Liberty Forest Products v. Interstate Paper Corp.,* 138 Ga. App. 153, 154 (225 SE2d 731).

The case of *Rockmart Bank v. Beck,* 129 Ga. App. 457, supra, cites *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603), as authority that publication of a court's calendar in the official organ of the county is sufficient notice of the pending trial, thus meeting the requirements of Code Ann. § 81A-140 (c), supra, that "[t]he courts shall provide for the placing of actions upon the trial calendars (1) without request of the parties *but upon notice to the parties. . .*" However, the case of *Wilkes v. Ricks,* supra, does not hold that publication alone of the court's calendar in the official organ of the county is sufficient notice to the parties of the pending trial. Such ruling in effect is made for the first time in the case of *Rockmart Bank v. Beck,* supra, under the peculiar facts of that case. Under our notice pleadings under the Civil Practice Act parties are no longer bound to take notice of the time and place of trial and of when their presence is required under the older cases of *Blanch v. King,* 202 Ga. 779, 783 (44 SE2d 779), and *Williams v. Linn,* 108 Ga. App. 629, 633 (3) (133 SE2d 892). The present statute does not designate the manner of notice but expressly requires notice. See Code Ann. § 81A-105 (b), supra; *Barber v. Canal Ins. Co.* 119 Ga. App. 738 (168 SE2d 868). As was stated in *Wilkes v. Ricks,* supra, a party is entitled to his day in court on the main case, if in fact, he proves the essential requirement of

assignment of notice to be absent.

Before the rendition of the decision in the *Rockmart Bank* case, supra, numerous decisions have touched upon the issue of notice. In *Tootle v. Player,* 225 Ga. 431, 433 (3) (169 SE2d 340), the Supreme Court held that when the trial clerk mailed a written copy of the trial calendar "to appellant's attorney in a properly stamped and addressed envelope" prior to October 1, 1968, as to the cases to be tried at the October term 1968 convening on October 7, 1968, this was sufficient notice. Again, in *Tallman Pools of Ga. v. Napier,* 137 Ga. App. 500, 503 (224 SE2d 426), the giving of notice to counsel of record as of the time the notice is mailed by the trial court clerk was held to be sufficient compliance with Section 40 (c) of the CPA (Code Ann. § 81A-140 (c)). In *Trice v. Howard,* 130 Ga. App. 895 (1) (204 SE2d 808), mailing of notice that the case was on the trial calendar on a given date to the attorney for the litigant was held to be sufficient, there being no question that the notice was not received in due course through the mail. Notice by mailing by the clerk to the address of counsel of record was also held to be satisfactory in *Holbrook v. Halpern Enterprises,* 141 Ga. App. 648 (234 SE2d 187), even though counsel contended he had moved his office and did not receive this notice although he had given the U. S. Postal Service notice of the change of address. There was nothing appearing in the record to show that the clerk's office was informed as to the new address.

Accordingly, under the facts in the case sub judice, the ruling that publication in the official organ of the county is sufficient notice to the parties as was held in *Rockmart Bank v. Beck,* 129 Ga. App. 457, supra, does not amount to sufficient notice under Code Ann. § 81A-140 (c), supra, although it may be shown that a party may have had actual notice by reason of examination and receipt of the official organ. See Code Ann. § 109A-1—201 (25) (Ga. L. 1962, pp. 156, 161; 1963, pp. 188, 189). It cannot be said there was sufficient notice here in the case sub judice. The case of *Rockmart Bank v. Beck,* 129 Ga. App. 457, supra, should be expressly overruled. Insofar as the ruling in *Gregson v. Webb,* 143 Ga. App. 577 (2) (239 SE2d 230), cites *Rockmart Bank v. Beck* as authority that

publication in the official organ of a county is sufficient notice of trial, *Gregson* should also be disapproved. The case of *Schwartz v. C. & S. Mtg. Co.*, 142 Ga. App. 682, 683 (2) (236 SE2d 856), insofar as that opinion in Division 2 bases its result that "[p]ublication in the official county organ is sufficient notice of a pending trial. . ." citing *Rockmart Bank v. Beck,* supra, should likewise be disapproved.

Accordingly, I respectfully dissent.