### 56435. JONES et al. v. NORTH AMERICAN ACCEPTANCE CORPORATION.

WEBB, Judge.

For reasons stated in the majority opinions in *Gorlin v. First Nat. Bank,* 148 Ga. App. 133 (1978) and

*Spyropoulos v. John Linard Estate,* 148 Ga. App. 380 (1978), the judgment of the trial court is affirmed.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, P. J., Smith, Shulman, Banke and Birdsong, JJ., concur. McMurray, J., dissents.*

ARGUED SEPTEMBER 6, 1978 — DECIDED NOVEMBER 16, 1978 — REHEARING DENIED DECEMBER 7, 1978.

*Kenneth G. Levin,* for appellants.

*Michael N. Mantegna, Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., Charles L. Gregory, Simon A. Miller,* for appellee.

McMURRAY, Judge, dissenting.

On June 30, 1976, a judge of the Fulton Superior Court dismissed the case of Isabella Scott, plaintiff, v. North American Acceptance Corporation and Milton Morgan, d/b/a Southern Contracting & Supply Company for the failure of plaintiff's counsel to appear at a civil peremptory calendar call on June 25, 1976, "notice of which had been published in the Fulton County *Daily Report* on June 8, and 24, 1976. Counsel for Plaintiff then and now is Kenneth G. Levin, but the published calendar showed the name Kenneth G. *Lewis.* As a result, . . . Mr. Levin was unaware of the call, nor did he become aware of the dismissal until December 1977."

Whereupon, Mr. Levin, as counsel for plaintiff, on December 30, 1977, moved to vacate the dismissal for want of prosecution because of the lack of notice of the case being on the calendar and because he was not served with or did not receive any copy of the June 30, 1976, dismissal order prior to December 27, 1977, and because the defendant North American Acceptance Corporation had been operating under a bankruptcy reorganization proceeding and there had been a customary stay in effect against the prosecution of these proceedings continuously since February of 1974. It is noted here that the order of dismissal for want of prosecution stated that it was subject "to re-instatement upon appropriate motion filed within thirty (30) days hereof."

On January 26, 1978, the plaintiff's motion was denied but upon reconsideration thereof this order was vacated on February 17, 1978. Thereafter, on February 28, 1978, the court again denied the motion based upon the authority of *Askren v. Allen,* 132 Ga. App. 292 (208 SE2d 165), even though the court found that counsel was without fault or negligence in failing to appear at the calendar call on June 25, 1976, although the Fulton County Daily Report is the "official manner through which counsel in this county receive notice of hearings." The court also found there had been no laches in the passage of time because the defendant North American Acceptance Corporation was involved in bankruptcy reorganization proceedings "as a result of which all proceedings against it, including this one, are stayed by order of the U.S. District Court for the Northern District of Georgia." The court then stated that because of the passage of terms that even though he felt plaintiff had made a sufficient case to justify vacating the order of dismissal he refused to grant any relief because "I do not have the power to grant any relief." Plaintiff appeals, and the majority affirms. To this I cannot agree.

1. This case is similar in many respects on its facts to that of *Spyropoulos v. John Linard Estate,* 148 Ga. App. 380. I did not agree to that decision and dissented to it. I reaffirm my reasons given in that case.

There is no magic in mere nomenclature, and the pleading in the case sub judice is in the nature of an extraordinary motion for new trial to vacate and set aside the dismissal wherein the plaintiff had received no notice whatsoever of her case being placed on the calendar by reason of any notice and publication in the official organ of the Fulton County Daily Report. The order of dismissal also stated that it was dismissed for want of prosecution subject to reinstatement upon appropriate motion filed within thirty days hereof. The plaintiff offered evidence, and the final order of the court so stated, that "no copy of my dismissal order was ever received by Mr. Levin; whether or not one was ever sent is unknown."

2. Every pleading subsequent to the original complaint and "every written notice, appearance, demand . . . shall be served upon each of the parties"

unless there be a default and waiver of all notices, "including notices of time and place of trial." Code Ann. § 81A-105 (a) (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229); *Liberty Forest Products v. Interstate Paper Corp.*, 138 Ga. App. 153, 154 (225 SE2d 731). Under all notice pleadings under the Civil Practice Act parties are no longer bound to take notice of the time and place of trial and when their presence is required under the older cases of *Blanch v. King*, 202 Ga. 779, 783 (44 SE2d 779); and *Williams v. Linn*, 108 Ga. App. 629, 633 (3) (133 SE2d 892), and service must be made upon the attorney unless service upon the party himself is ordered by the court. "Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last-known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this section means: handing it to the attorney or to the party, or leaving it at his office with his clerk or other person in charge thereof; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein. Service by mail is complete upon mailing. Proof of service may be made by certificate of an attorney or of his employee, or by written admission, or by affidavit, or other proof satisfactory to the court." Code Ann. § 81A-105 (b), supra.

A defendant is entitled to his day in court on the main case if in fact, "he proves this essential requirement of assignment notice to have been overlooked or absent." *Wilkes v. Ricks*, 126 Ga. App. 266, 267 (190 SE2d 603). Here the publication in the official organ of the county was insufficient notice to the plaintiff so as to alert him to answer the calendar call. Further, the court found no copy of the dismissal order was ever received by counsel and we note this order was subject "to reinstatement . . . within thirty (30) days." In my opinion the trial court erred in dismissing plaintiff's motion to reinstate the case.

As expressed in my dissent in *Gorlin v. First Nat. Bank*, 148 Ga. App. 133, it is my view that a final decision on the requirement of notice must be determined by the Supreme Court of Georgia with reference to the meanings of Code Ann. § 81A-105 (b), and Code Ann. § 81A-140, and

Code Ann. § 81A-183 (Ga. L. 1966, pp. 609, 615, 653, 670; 1967, pp. 226, 229, 245; 1968, pp. 1104, 1108; 1976, p. 1677).

I, therefore, respectfully dissent.