### 55817. SPYROPOULOS v. JOHN LINARD ESTATE.

QUILLIAN, Presiding Judge.

Following the death of John Linard in Atlanta, Georgia in April, 1969, the beneficiaries of his estate, all of whom resided in Greece, appointed Dionysios Spyropoulos, a New York lawyer, as their attorney to represent them. The beneficiaries later discharged him and employed new counsel. Spyropoulos filed with the Probate Court of Fulton County a petition for reimbursement of his legal fees and expenses incurred in the representation of the beneficiaries of the estate. After an objection was filed to the petition, the judge of the probate court issued an order awarding Spyropoulos the sum of $750 as full and complete settlement of any and all claims against the estate for fees and service.

Spyropoulos appealed the order to the Fulton Superior Court on March 22, 1976. Thereafter, on June 10, 1976, the case came on to be heard on appeal "and the appellant not being present, and after having heard evidence from the executors of said estate and considering same," the appeal was dismissed.

On April 21, 1977, Spyropoulos moved to set the judgment aside or in the alternative for an extraordinary motion for new trial, contending that he had no knowledge of the order of June 10, 1976, until October 6, 1976, when he received a letter from the attorney

representing the estate. He contended that he never received notice of the assignment of the case for trial and had no knowledge of the scheduling of the case for hearing on June 10, 1976, and that he had received no notice "from the trial court, from the Clerk's office or from opposing counsel, and received no notice pursuant to Ga. Code Ann. § 81A-140 (c)." (Ga. L. 1966, pp. 609, 653; as amended Ga. L. 1967, pp. 226, 245).

The executors answered and filed their objections to the motions. The matter came on for a hearing, and the trial court entered findings of fact: that the appeal came on to be heard "on a regularly scheduled calendar"; that notice of trial "was given by publishing the style of the case, the name of counsel for defendant (plaintiff being unrepresented) and the date and time the same was to be heard in the Fulton County Daily Report, the official organ of this court, on May 18, 1976, and June 9, 1976"; that there was no appearance for the plaintiff on June 10, 1976, consequently the appeal was dismissed. The court then denied petitioner's motion, concluding as a matter of law that publication in the official organ of Fulton County, Georgia, was sufficient notice under the provisions of Code Ann. § 81A-140 (c). Spyropoulos appeals. *Held:*

The proper publication of the trial calendar in the official organ of the county afforded Spyropoulos sufficient notice under Code Ann. § 81A-140 (c). *Rockmart Bank v. Beck,* 129 Ga. App. 457 (199 SE2d 907); *Schwartz v. C & S Mtg. Co.,* 142 Ga. App. 682 (2) (236 SE2d 856); *Gregson v. Webb,* 143 Ga. App. 577 (2) (239 SE2d 230); *Gorlin v. First Nat. Bank,* 148 Ga. App. 133; *McNally v. Stonehenge,* 242 Ga. 258.

*Judgment affirmed. Bell, C. J., Deen, P. J., Webb, Smith, Shulman, Banke and Birdsong, JJ., concur. McMurray, J., dissents.*

SUBMITTED MAY 3, 1978 — DECIDED NOVEMBER 22, 1978 — REHEARING DENIED DECEMBER 7, 1978 —

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for appellant.

*Moulton, Carriere, Cavan & Maloof, J. Wayne Moulton,* for appellee.

McMurray, Judge, dissenting.

The majority here affirm the trial court which concluded as a matter of law that the notice and publication of a trial calendar in the official organ of Fulton County, Georgia was sufficient notice under provisions of Code Ann. § 81A-140 (c), supra, and further found that the holding in *Rockmart Bank v. Beck,* 129 Ga. App. 457 (199 SE2d 907), is controlling, and that the petitioner's motion to set aside the judgment (or in the alternative for new trial) be denied. I cannot agree to this decision.

1. There is no magic in mere nomenclature, and the pleading here was properly treated as an extraordinary motion for new trial brought within three years. See Code Ann. § 81A-160 (Ga.L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138); *Vaughan v. Car Tapes, Inc.,* 135 Ga. App. 178 (1) (217 SE2d 436); *Windsor Forest, Inc. v. Rocker,* 121 Ga. App. 773 (1) (175 SE2d 65). Compare *Barber v. Canal Ins. Co.,* 119 Ga. App. 738 (168 SE2d 868).

2. Every pleading subsequent to the original complaint and "every written notice, appearance, demand . . . shall be served upon each of the parties," unless there be a default and waiver of all notices, "including notices of time and place of trial." See Code Ann. § 81A-105 (a) (Ga.L. 1966, pp. 609, 615; 1967, pp. 226, 229). Of course, this service may be made upon the party himself, "by delivering a copy to him or by mailing it to him at his last-known address," and service by mail shall be complete upon mailing. Code Ann. § 81A-105 (b) (Ga.L. 1966, pp. 609, 615; 1967, pp. 226, 229). See also *Liberty Forest Products, Inc. v. Interstate Paper Corp.,* 138 Ga. App. 153, 154 (225 SE2d 731).

3. The case of *Rockmart Bank v. Beck,* 129 Ga. App. 457, supra, cites *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603), as authority that publication of a court's calendar in the official organ of the county is sufficient notice of the pending trial, thus meeting the requirements of Code Ann. § 81A-140 (c), supra, that "[t]he courts shall provide for the placing of actions upon the trial calendar (1) without request of the parties but upon notice to the parties. . ." However, the case of *Wilkes v. Ricks,* supra,

does not hold that publication alone of the court's calendar in the official organ of the county is sufficient notice to the parties of the pending trial. Such ruling in effect is made for the first time in the case of *Rockmart Bank v. Beck,* supra, under the peculiar facts of that case. Under our notice pleadings under the Civil Practice Act parties are no longer bound to take notice of the time and place of trial and of when their presence is required under the older cases of *Blanch v. King,* 202 Ga. 779, 783 (44 SE2d 779), and *Williams v. Linn,* 108 Ga. App. 629, 633 (3) (133 SE2d 892). The present statute does not designate the manner of notice but expressly requires notice. See Code Ann. § 81A-105 (b), supra; *Barber v. Canal Ins. Co.,* 119 Ga. App. 738, supra. As was stated in *Wilkes v. Ricks,* supra, a party is entitled to his day in court on the main case, if in fact, he proves the essential requirement of assignment notice to be absent.

It is much easier to hold, as was done in *Rockmart Bank v. Beck,* that publication of the case for trial is sufficient notice to the defendant of the pending trial, but where, as here, the party is in New York state and receives no notice whatsoever it cannot be said that the placing of the case on the court's calendar and the advertising of same in the official organ of the county is sufficient notice thereof.

Until the case of *Rockmart Bank v. Beck,* supra, numerous decisions have touched upon the issue of notice. In *Tootle v. Player,* 225 Ga. 431, 433 (3) (169 SE2d 340), the Supreme Court held that when the trial clerk mailed a written copy of the trial calendar "to appellant's attorney in a properly stamped and addressed envelope" prior to October 1, 1968, as to the cases to be tried at the October term 1968 convening on October 7, 1968, this was sufficient notice. Again, in *Tallman Pools of Ga., Inc. v. Napier,* 137 Ga. App. 500, 503 (224 SE2d 426), the giving of notice to counsel of record as of the time the notice is mailed by the trial court clerk was held to be sufficient compliance with section 40 (c) of the CPA (Code Ann. § 81A-140 (c)). In *Trice v. Howard,* 130 Ga. App. 895 (1) (204 SE2d 808), mailing of notice that the case was on the trial calendar on a given date to the attorney for the litigant was held to be sufficient, there being no question that the

notice was not received in due course through the mail. Notice by mailing by the clerk to the address of counsel of record was also held to be satisfactory in *Holbrook v. Halpern Enterprises, Inc.,* 141 Ga. App. 648 (234 SE2d 187), even though counsel contended he had moved his office and did not receive this notice although he had given the U.S. Postal Service notice of the change of address. There was nothing appearing in the record to show that the clerk's office was informed as to the new address.

Accordingly, under the facts in the case sub judice, the ruling that publication in the official organ of the county is sufficient notice to the parties as was held in *Rockmart Bank v. Beck,* 129 Ga. App. 457, supra, does not amount to sufficient notice under Code Ann. § 81A-140 (c), supra, although it may be shown that a party may have had actual notice by reason of examination and receipt of the official organ. See Code Ann. § 109A-1—201 (25) (Ga.L. 1962, pp. 156, 161; 1963, pp. 188, 189). It cannot be said there was sufficient notice here in the case sub judice where the litigant was in the State of New York at a known address where due notification of trial could have bound him as to the notice of trial. The case of *Rockmart Bank v. Beck,* 129 Ga. App. 457, supra, should be expressly overruled. Insofar as the ruling in *Gregson v. Webb,* 143 Ga. App. 577 (2) (239 SE2d 230), cites *Rockmart Bank v. Beck* as authority that publication in the official organ of a county is sufficient notice of trial, said ruling should be disapproved. It is noted, however, that in that case there was no motion for new trial. In the case of *Schwartz v. C & S Mtg. Co.,* 142 Ga. App. 682, 683 (2) (236 SE2d 856), attention was also called to the fact that no motion for new trial or other available procedure had been filed. However, insofar as that opinion in Division 2 bases its result that "[p]ublication in the official county organ is sufficient notice of a pending trial..." citing *Rockmart Bank v. Beck,* supra, said ruling should likewise be disapproved. That case also cites *Holbrook v. Halpern Enterprises, Inc.,* 141 Ga. App. 648, supra, as authority, but in that case it is clearly shown that notice of a date of trial had been mailed by the clerk's office and that requirement of notice required by section

40 of the CPA (Code Ann. § 81A-140(c), supra) had been fully satisfied. Further, in that case *Tallman Pools of Ga., Inc. v. Napier,* 137 Ga. App. 500, 502 (1) (224 SE2d 426), was cited for its authority, and it is clear that in that case notice of trial as required by the Civil Practice Act had probably been given.

As expressed in my dissents in *Gorlin v. First Nat. Bank,* 148 Ga. App. 133, supra, and *Jones v. North Am. Acceptance Corp.,* 148 Ga. App. 392, it is my view that a final decision on the requirement of notice must be determined by the Supreme Court of Georgia with reference to the meanings of Code Ann. § 81A-105 (b), and Code Ann. § 81A-140, and Code Ann. § 81A-183 (Ga.L. 1966, pp. 609, 615, 653, 670; 1967, pp. 226, 229, 245; 1968, pp. 1104, 1108; 1976, p. 1677).

I, therefore, respectfully dissent.