34021. GREGSON & ASSOCIATES, INC. et al. v. WEBB, YOUNG, DANIEL & MURPHY, P.C.

JORDAN, Justice.

This appeal is from the dismissal of a complaint in equity to set aside a judgment and for other relief.

Gregson & Associates, Inc., and Wilfred J. Gregson brought a complaint in Fulton Superior Court against Webb, Young, Daniel and Murphy, P. C., alleging: On September 28, 1976, Webb filed suit in the State Court of DeKalb County against Wilfred J. Gregson alleging that Gregson owed Webb $3,500 for legal services rendered in the case of Gregson v. Family Services, $7,698.29 for legal services rendered in the case of Georgia Education Authority v. Gregson, and $2,687.27 interest. A default judgment was rendered for these amounts. The amounts sought by Webb were unliquidated damages and no evidence was introduced to establish the amounts due;

that the prejudgment interest on the unliquidated claim is not permitted by law. By garnishment proceedings Webb has recovered $7,171 and $1,719 on this judgment; that on October 20, 1976, Webb filed suit in the State Court of Fulton County against Gregson & Associates, Inc., alleging that it owed the same amounts, plus interest, in the same cases as those sued for in the DeKalb case. Webb introduced no evidence that Gregson & Associates, Inc., owed it any money in the case of Gregson v. Family Services; Webb introduced evidence that it was entitled to $7,698.27 in the case of Georgia Education Authority v. Gregson, and the jury found the amount of $3,673.45 to be due. The court ruled that since the principal claim was for an unliquidated amount, prejudgment interest was not permitted. The judgment of $3,673.45 has been satisfied.

In Count 1 it was asserted that the defenses interposed by Gregson & Associates, Inc., were not personal but common to both it and Wilfred J. Gregson, and that the DeKalb judgment should be modified to the same amount as the Fulton judgment, and the excess of the satisfied Fulton judgment be repaid to Gregson.

In Count 2 it was asserted that the judgment in the DeKalb case should be set aside because no evidence was introduced to establish the amount due; that Webb should be estopped from seeking any recovery for legal representation in the two cases for which Gregson was sued in the DeKalb case, and for prejudgment interest; or in the alternative, that Webb should be required to introduce evidence and establish the amount due.

It is asserted in Count 3 that the Fulton trial established the amount due on the $7,698.29 claim for legal services in the case of Georgia Education Authority v. Gregson, and extinguished the right of Webb to collect on that claim under any legal theory; that the money received by the garnishment proceedings must be applied to that portion of the default judgment seeking $3,500 for legal services in the case of Gregson v. Family Services and interest of $908.16; that the DeKalb default judgment should be modified to reflect such application of money received on the ground of accident or mistake and Wilfred J. Gregson is entitled to receive from Webb all money in

excess of $4,408.16. Other and further legal and equitable relief was prayed.

Webb's motion to dismiss the complaint on the ground that it failed to state a claim was sustained by the trial judge.

1. The complaint states no claim to set aside or modify the default judgment in the State Court of DeKalb County. The appellant Gregson filed a motion to set this judgment aside, and the denial of the motion was affirmed by the Court of Appeals. *Gregson v. Webb,* 143 Ga. App. 577 (239 SE2d 230) (1977). The appellants argue that this case did not decide the issues made in the present complaint because it was a motion to set aside which must be predicated upon some nonamendable defect appearing upon the face of the record and pleadings. The opinion of the Court of Appeals decided the identical questions made in the present complaint as to the legality of the DeKalb judgment. The present complaint to set aside the judgment shows no equitable grounds of "fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." Code Ann. § 81A-160 (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138).

The appellees rely on the principle: "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons *until he shall obtain a satisfaction from some of them."* Code Ann. § 3-114 (Ga. L. 1967, pp. 226, 247). (Emphasis supplied.) The appellant Gregson argues that the payment of a judgment by one of the joint debtors in the Fulton case satisfied the DeKalb judgment, and he is entitled to recover all, or some, of the amounts obtained under the DeKalb judgment.

Since the complaint states no equitable ground for setting aside or modifying the DeKalb judgment, there is no merit in the contention that the DeKalb judgment should be reduced to conform to the judgment in Fulton County.

The appellee concedes that the $3,500 charge for services in the case of Georgia Education Authority v. Gregson was a joint obligation of Gregson and Gregson & Associates, Inc., and that the appellant Gregson will be

relieved of his joint obligations to this extent.

2. The complaint should have been retained in the trial court for the limited purpose of determining the issue of any double recovery by Webb. The judgment is reversed and the case remanded for a determination of this issue.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED JANUARY 31, 1979.

*Gort, Rabiner, Joffe & Joffe, Edward M. Joffe,* for appellants.

*Webb, Young, Daniel & Murphy, David E. Betts,* for appellee.