36056. GREGSON & ASSOCIATES, INC. et al. v. WEBB et al.

JORDAN, Presiding Justice.

This case arose over a dispute as to attorney fees. The appellees, hereinafter called Webb, obtained a judgment against Wilfred Gregson individually in DeKalb County for $11,298.20 principal and $2,697.27 interest and a judgment based on the same complaint in Fulton County against Gregson & Associates, Inc. in the amount of $3,673.45. The Fulton judgment has been satisfied in full and $8,769.40 collected on the DeKalb judgment.

On appeal to this court, we held that the DeKalb judgment need not be reduced to conform to the judgment in Fulton County, but reversed and remanded to the trial court to determine the issue of double recovery by Webb. *Gregson & Assoc., Inc. v. Webb, Young, Daniel & Murphy, P.C.,* 243 Ga. 53 (252 SE2d 482) (1979).

The trial court, based on the undisputed facts, denied Gregson's motion for summary judgment and granted Webb's motion for summary judgment.

We affirm. The only question upon remand was whether or not Webb had effected a double recovery. The undisputed facts show that crediting $3,673.45 collected on the Fulton judgment against the DeKalb judgment of $11,298.29 principal and $2,697.27 interest will still leave $10,322.11 owing on that judgment, of which only $8,769.40 has been collected. It is apparent that there has been no double recovery.

Appellants contend on this appeal that the satisfaction of the lesser judgment obtained in Fulton County against Gregson & Associates, Inc. extinguishes the larger judgment obtained in DeKalb County against Gregson individually, relying on Restatement Laws of Judgments Sec. 95 which states that the discharge or satisfaction of a judgment against one of several persons each of whom is liable for a tort, breach of contract, or other breach of duty, discharges each of the others from liability.

Any question posed by this contention was decided adversely to the appellant in the previous appearance of this case, *Gregson,* supra, where we stated: "Since the complaint states no equitable ground for setting aside or modifying the DeKalb judgment, there is no merit in the contention that the DeKalb judgment should be reduced to conform to the judgment in Fulton County."

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 21, 1980 — DECIDED MAY 7, 1980.

*Gort, Rabiner, Joffe & Joffe, Edward M. Joffe, Robert W. Hassett, Cliffe Lane Gort,* for appellants.

*Webb, Young, Daniel & Murphy, David E. Betts, Peter A. Schuller,* for appellees.